Worthington v. Tipton, 24 N. M. 89.

HANNA, C. J., and ROBERTS, J., concur.

[No. 2113, April 24, 1918.]
WORTHINGTON v. TIPTON et al.

SYLLABUS BY THE COURT.

1. A person having an inchoate interest in public lands may mortgage the same, even though the statute under which he claims prohibits an "alienation" of his rights, for such a prohibition refers only to attempted conveyances of title and not to mortgages.                                    P. 92

2. In a suit to foreclose a mortgage, wherein the answers raised only the question that it was executed and delivered prior to final proof by the mortgagor and to the delivery of a patent to her, demurrers on the ground that the answer did not state facts sufficient to constitute any defense were sufficient as against the objection that they did not sufficiently specify the objection to the answers.                    P. 91

Appeal from District Court, Roosevelt County; Richardson, Judge.

Action by H. G. Worthington against Sarah Ann Tipton and others. Demurrers to answer overruled, judg-

ment rendered for defendants upon the pleadings, and plaintiff appeals. Reversed, and cause remanded, with instructions.

M. C. SPICER, of Socorro, for appellant.

W. A. GILLENWATER and FRED E. DENNIS, both of Clovis, for appellees.

### STATEMENT OF FACTS.

This action was brought to foreclose a mortgage on certain land situate in the county of Roosevelt. The complaint was in the usual form, and a copy of the mortgage sought to be foreclosed was attached and made a part thereof. The defendants filed separate answers to the complaint, in which they admit the execution and delivery of the mortgage, but seek to avoid its legal effect on the ground that the mortgage was executed on the land described therein by Sarah Ann Tipton before the receiver's final receipt had issued to her, and before she had offered her final proof for patent. Demurrers were filed by the appellant, attacking the defenses set forth in each of said answers on the ground that they did not state facts sufficient to constitute any defense to the suit. The court overruled such demurrers, and appellant, electing to stand thereon and refusing to plead further, a motion for judgment on the pleadings was sustained, and judgment rendered against the appellant, from which this appeal was taken.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). It appears from the pleadings that the mortgage which appellant sought to foreclose in the district court was given upon a homestead entry. The mortgage was executed prior to the date of the final receiver's receipt and before final proof for patent to said land. As pointed out by the trial court in a memorandum opinion, the question raised, in a general way, is whether or not a

Worthington v. Tipton, 24 N. M. 89.

mortgage, given to secure moneys loaned for general purposes on a homestead entry prior to final proof or final entry of the same, is good and valid as against the land described in said homestead entry. The trial court was of the opinion that a mortgage may be given prior to final proof, and after the filing upon a homestead to secure money to acquire the title in event of commutation or to make permanent improvements in compliance with the law or acquiring a water right for its cultivation and development, but that there is nothing in the record to indicate that the money borrowed and secured on this homestead entry prior to the issuance of final receipt was for such purposes, but was a general loan having no particular purpose connected with the acquisition or improvement of the homestead, and that it would be against public policy and contrary to the federal statute to permit a mortgage generally on a homestead entry which might ultimately affect the title. The court said, referring to the federal statute, that the language "after entry" meant, in his opinion, after final proof.

The four assignments of error urged by appellant raise but one question, i. e., the right of a homesteader, after entry on government land, to subject his interests therein to a mortgage executed by him after entry and before final proof is made.

[2] Before discussing this question it is necessary to refer to a point made by appellees, which is that the demurrers filed by the appellant in the trial court were insufficient in law to raise the question of the sufficiency of the answers of the appellees. This contention is based upon the proposition that the demurrer must distinctly specify the ground of objection to the pleading; and when it does not it may be disregarded or overruled; and that the demurrers in question, which it must be remembered attacked the several answers upon the ground that they did not state facts sufficient to constitute any defense to the cause of action, did not sufficiently specify the objection raised, and did not constitute any

ground of demurrer. Appellee cites section 4111, Code
1915, and Evants v. Taylor, 18 N. M. 371, 137 Pac. 583,
50 L. R. A. (N. S.) 1113, in support of this contention.
There can be no question but that the demurrer must
distinctly specify the ground of objection to the plead-
ings as is provided by the statute, but that it did so in
this case is apparent. The several parties, and the court
as well, evidently considered this one question raised, as
is shown clearly by the memorandum opinion of the
trial court and the judgment of that court. The an-
swers of the several defendants raise but one question so
far as the mortgage of plaintiff is concerned; i. e., that
the mortgage was executed and delivered to the plain-
tiff prior to final proof by Sarah Ann Tipton, mortgagor,
and prior to the issuance of final register's receipt, and
prior to the execution and delivery of patent to said
land, for which reason it did not establish or create
any interest, lien, or incumbrances upon said land, as
the title to said land was, at the time of the execution
of said mortgage, in the United States. A demurrer
was filed to said answers on the ground that they did
not state a sufficient defense to the cause of action, and
under the circumstances in this case the demurrers were
clearly sufficient.

[1] We turn, therefore, to the question raised by
the several demurrers. Not desiring to unduly lengthen
this opinion, we shall not discuss the authorities pro
and con upon the question, as they are very numerous.
An examination of the earlier authorities upon this
question discloses, in our opinion, that they were made
upon the theory that a mortgage transferred the legal
title to the land. These decisions would not be applica-
ble to conditions in New Mexico by reason of the fact
that we have held that the legal title remains in the
mortgagor, unless there is a stipulation in the mort-
gage to the contrary. See Cleveland v. Bateman, 21 N.
M. 687, 158 Pac. 648. The department of the interior
has adopted the view that the giving of a mortgage on
a homestead prior to the issuance of the final receiv-

er's receipt is not an alienation of the land within the meaning of section 2262, Rev. Stat. (U. S.). Larson v. Weisbecker, 1 Land Dec. 409. It is to be noted in the Larson-Weisbecker case that the mortgage given was to secure money loaned with which to pay the government price for the land, Secretary Teller's opinion in that case pointing out that it was apparent that the entryman did not intend that the title should inure to some one other than himself, but that he made a conditional alienation of the land only, when, had his purpose been different, he might have made an absolute conveyance. It has been held that the purpose for which the money is borrowed is material as tending to show the bona fides of the mortgagor. Norris v. Heald, 12 Mont. 282, 29 Pac. 1121, 33 Am. St. Rep. 581. But in this case it must be borne in mind that the answers of the defendants did not attack the good faith of the mortgagor, but squarely raised the question that the title was in the United States, and she was without power to mortgage. The great weight of authority is against this contention. The rule is thus stated in 32 Cyc. 1075:

"A person having an inchoate interest in public lands may mortgage the same, even though the statute under which he claims prohibits an alienation of his rights, for such a prohibition refers only to attempted conveyances of title and not to mortgages."

This is the general rule, in our opinion, and is the rule followed in the case of Hafemann v. Gross, 199 U. S. 342, 26 Sup. Ct. 80, 50 L. Ed. 220, in an opinion written by Mr. Justice Brewer, from which we take the liberty of quoting as follows

"Obviously, the trend of the authorities is strongly in favor of the proposition that a mortgage or deed of trust by one seeking an entry under the pre-emption or homestead laws of the United States, made prior to the perfection of his equitable right, is valid."

It certainly would not lie in the mouth of the mortgagor to raise the question of good faith or to challenge

her intention in making this particular mortgage. Under the rule adopted in this jurisdiction, as announced in the Bateman case, no intention to convey the land can be implied, and, there being in this case but the one question concerning the right of the entryman to mortgage the entry before final patent, we must necessarily hold that the trial court was in error.

The judgment is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

PARKER and ROBERTS, J.J., concur.

## SYLLABUS BY THE COURT.