[No. 3136. Nov. 9, 1927. Rehearing Denied Dec. 31, 1928.]

WILLIAMS et al. v. KEMP et al.

[273 Pac. 12.]

See, also, 252 P. 1000.

E. P. Davies and W. N. Birdsall, both of Santa Fe, for appellants.

Geo. W. Prichard, of Santa Fe, for appellees.

### OPINION OF THE COURT

WATSON, J. In cause No. 1047 in the district court of Torrance county, judgment was entered in 1923 against Williams and in favor of Kemp and wife for $750, with interest thereon from November 5, 1919, and costs of suit; amounting in all to something over $900. Williams had agreed to purchase certain real estate from Kemp and wife, and had deposited, according to agreement, $750 in the Estancia Savings Bank, to be applied as part of the purchase price and as a forfeiture. The Kemps having tendered a good title, and Williams having refused to ac-

cept it, cause No. 1047 was instituted, and resulted as stated.

While cause No. 1047 was pending in the district court, the parties, by agreement, removed said sum of $750 from the Estancia Savings Bank and transferred the same to the Farmers' & Stockmen's Bank of Estancia, to abide the result of said suit, and to be delivered to the prevailing party.

From the judgment above mentioned, which included a provision that said sum should be by said bank paid to the Kemps, in reduction of the amount recovered, Williams appealed to this court and gave a supersedeas bond. This court affirmed the judgment and remanded the cause, with direction to the district court to enter judgment against the sureties upon Williams' supersedeas bond. Such judgment was entered, execution was taken out, and the Kemps were thereby proceeding to the collection of their judgment, when the present suit was instituted by Williams to enjoin them from doing so.

The complaint in the present suit alleges that pending the appeal in cause No. 1047, the Farmers' & Stockmen's Bank was apparently in a failing condition and that the attorneys for the parties entered into a stipulation for the removal of said $750 to the First National Bank of Santa Fe, to abide the result of the appeal, but that, because of the opposition of Kemp, the deposit was not removed according to the stipulation, and was entirely lost through the failure of said Farmers' & Stockmen's Bank.

A temporary injunction issued, enjoining any levy upon Williams' property for the satisfaction of the judgment. A motion to dissolve the injunction having been overruled, appellant answered, and the cause was tried. Upon specific findings and conclusions, the district court entered judgment which, in effect, required a credit of $750 to be given upon the judgment in cause No. 1047, and permitted only the balance to be collected. This judgment was entered of record October 22, 1925, and included an order allowing an appeal. A cost bond was given November 16, following. In the meantime, on November 11, upon appellee's motion, the judgment was modified in the

district court so as to permit the enforcement of the judgment in cause No. 1047, to the extent of the costs only, and to enjoin collection, not only of the $750, but of the interest which had been awarded thereon.

It seems to have been the theory of appellee, in planning his suit, that appellants, by objecting to and preventing the removal of the money to the Santa Fe bank, incurred some additional liability, and that they should be estopped in equity from seeking to recoup from appellee a loss for which he was not, and they were, practically responsible. In fact, the principal effort of both parties seems to have been directed to fixing on each other the blame for leaving the money in the bank which became insolvent. That question seems, however, to have had little, if any, bearing on the decision. The trial court, having found all facts requested by both parties, adopted the view that the deposit of the money amounted, according to the agreement of the parties, to payment by appellee of $750, conditioned only upon a judgment being obtained and not reversed. Thus the loss of the fund was the loss of the prevailing party, since the losing party was shown not to have contributed in any manner to the loss.

Such being the theory of decision, we see no materiality in appellants' contention that no duty rested upon them to consent to a removal of the deposit or to take any precaution for its safety. Appellee recovered, not because of negligence of appellants with respect to a duty, but because he himself was not at fault.

Appellants contend that there is no evidence to support the finding that the money, originally deposited as a forfeiture, was redeposited to abide the result of suit No. 1047. This contenion, if having any bearing on the result, we cannot entertain. The finding is binding upon us. It was not excepted to. No contrary finding was proposed. It is not even attacked in the assignments of error.

It is contended that, when appellee gave the supersedeas in cause No. 1047, the effect was to release to him the money, that he could rightfully have demanded that

the bank turn it over to him, and that, having failed to do so, its loss properly and legally falls upon him. We need not consider what merit this contention may have in law. We do not think that, in good conscience, appellants can be heard to urge it. Such was not their theory in refusing consent to the removal of the deposit; nor was it their counsel's theory in proposing such removal. Having thus taken the position that they had some interest in and control over the deposit, they cannot now be heard to repudiate it.

██ ██ Certain objections are made to the sufficiency of the complaint to warrant injunctive relief. The complaint was not demurred to. It was attacked by motion to dissolve the temporary injunction. Whether such motion was equivalent in this case to a demurrer, we need not consider. Some of the objections were, in their substance, clearly without merit. The objection, that conclusions of law were pleaded, is not properly raised by demurrer. Michelet v. Cole, 20 N. M. 357, 149 P. 310; Maddison v. Bryan, 31 N. M. 404, at page 426, 247 P. 275. The objection, that payment or tender of the amount "admittedly due on the said judgment in excess of the alleged deposit of $750," was not good, because no such excess appeared on the face of the complaint.

██ One point raised by the motion to dissolve, and here urged, is that appellee had an adequate remedy at law by motion in cause No. 1047 to quash or recall the execution. Without deciding whether such remedy was available to appellee, it is clear that the right to such remedy by motion would have depended upon the showing made in the injunction case. This involved disputed questions of fact and controverted points of law, more properly to be heard and decided in a suit in equity than on a motion to quash a writ. We find it thus laid down in 23 C. J. at page 554:

"If defendant can obtain a satisfactory remedy by a simple motion to the court which issued the execution, it would be absurd to go into equity to obtain relief. Equity will not listen to such a case. Injunction will not lie where the remedy is by appeal, or supersedeas, or where defendant may have relief by affidavit of illegality, interpleader, or by trespass to try title, or by the statutory remedy of trial of the right of property. But an in-

junction has been considered an appropriate remedy where the writ has been issued beyond the territorial limits of the court's jurisdiction, or *where the situation presents several complicated questions of law and fact.*"

It is said in 10 R. C. L. at page 1255:

"Following this line of division of authority, it has been stated as a general rule that the fact that redress against a void judgment might be obtained by motion in the original action constitutes no insuperable obstacle to a suit in equity for relief by injunction."

The author of the note to Luco v. Brown, 73 Cal. 3, 14 P. 366, as reported in 2 Am. St. Rep. 772, had so concluded, citing Freeman on Judgments, § 497.

It is vigorously urged that no injunctive relief could properly have been awarded in the absence of a payment or tender to pay the amount which it appears was still demandable under the judgment in cause No. 1047, after crediting the $750. We have already seen that this was not a good objection to the complaint, because no such excess appeared upon its face. The question was not raised by answer. There is no finding regarding it, and none was requested. Although appellants raised the question by demurrer to the evidence, there is no error assigned upon the overruling of that demurrer. We cannot, therefore, reverse the judgment on this ground. When the question was raised as a matter of law, it was properly disposed of. In so far as it was raised as a question of fact, it has not been properly presented for review. But, as the judgment must be reversed on other grounds, it is within our power to see that inequity does not result from the fact, apparent from an examination of the record, that there has been no such payment or tender.

It is finally objected that the court erred in modifying the judgment. It is first contended that on November 11 the judgment had passed beyond the jurisdiction of the district court because of the appeal granted on October 22, followed by the giving of a cost bond on November 16, and relating back. We need not decide this question. If we were to do so, it would be necessary to take into consideration, as appellants' counsel apparently do not, chapter 15 of the Laws of 1917, which gives the district

court control over its judgments for 30 days, and to decide whether, by taking an immediate appeal, one party can exclude the other from the right which the statute, by inference, gives him, to move for the correction or modification of a judgment, and could avoid the jurisdiction of the court to hear and pass upon such motions.

█ The more serious objection to the modification of the judgment is one of substance. The judgment in cause No. 1047 awarded interest. The effect of the modification of the judgment in the present case is to overthrow what had been . previously adjudged. Appellee argues that, since it appears that he did not owe the principal, there was nothing upon which interest could have accrued. The trouble with this theory is that it overlooks the nature of the present proceeding. It is not one to review possible error in a former judgment affirmed by this court. · That judgment is final and cannot be disturbed. It was within the cognizance of equity to inquire whether the judgment had been paid in whole or in part, and to enjoin the judgment creditor from exacting a second payment. But the correctness of the former judgment in awarding interest was not open to question in this case. It seems, therefore, that the court erred in modifying the judgment. •

It results that the judgment must be reversed. The cause will be remanded, with direction to the district court that, if within 30 days after receipt of our mandate, appellee shall make record showing that he has satisfied the judgment in cause No. 1047 as to the excess over $750, he shall have judgment perpetually enjoining appellants from levying the execution or from collecting such judgment. Failing to make such showing within such time, appellants should have judgment dismissing the complaint. Appellants will recover costs in this court. It is so ordered.

PARKER, C. J., and BICKLEY, J., Concur.

ON MOTION FOR REHEARING

WATSON, J. The theory of the foregoing decision is this: Kemp and Williams, engaged or about to en-

gage in litigation, involving damages liquidated at $750, placed that sum in a bank, agreeing that it should abide the result of the suit. If Kemp recovered the judgment, the money was to be paid to him. If not, it was to be restored to Williams. Kemp recovered judgment. Williams appealed, gave supersedeas bond, and the judgment was affirmed. By that judgment and its affirmance the condition arose under which Kemp was entitled to the money. In the meantime, through failure of the chosen stakeholder, the money was lost. The loss falls on Kemp because it was his money. That is the result of the contract. The contract amounts to agreement by Kemp that, if he should recover judgment, he would look to the bank for the $750. The deposit amounts to payment by Williams.

Who should bear this loss is not, however, the real question in the case. It is not whether Kemp, for refusing consent to a reasonable proposal for safeguarding the money, should be made to suffer it. It is not whether Williams, for superseding Kemp's judgment, thus preventing him from withdrawing the money while the bank was solvent, should be made to suffer it. One theory is as foreign as the other. Both parties having agreed upon the stakeholder, there was, perhaps, no obligation on either to consent to vary the contract. Both parties having agreed that the money should abide the suit, there is no reason to complain because the losing party claimed the right to a review in this court before accepting the decision as final.

While the loss of the money gives rise to this suit, it is a fact immaterial to the cause of action. The money may or may not be recoverable from the bank. The court indeed found no competent evidence to prove the loss. In either event Williams should be protected against a demand that he pay it again. His payment was conditional, it is true. But the condition was not the continued solvency of the bank. It was merely the recovery of judgment. The result we reach does not vary the former judgment in the slightest degree. It prevents the use of process to violate a contract, not involved in the former suit, but collateral to it and to the judgment.

We have enlarged upon the theory of the decision, since we may thus narrow the discussion on the motion for re-hearing.

It is contended that this theory finds no founda-tion in the complaint or in the evidence. It is true, as originally remarked, that the theory which appellee ap-parently had in mind in drafting his complaint, and in presenting his case, was that equity should enjoin execution of the judgment, because its collection would subject Wil-liams to a loss for which Kemp was responsible. Appel-lant contends, perhaps correctly, that such a view pre-sents no question of equitable cognizance, and that it is an attempt to offset a cause of action in tort against a judgment. But we are. not concerned with counsel's theory. We inquire only whether facts alleged and proven support the judgment.

The complaint alleges that:

"* * * W. C. Kemp and Fannie Kemp, his wife, recovered judg-ment * * * against * * * H. C. Williams * * * C. H. Judd and the Estancia Savings Bank, * * * for the sum of $750.00; that pend-·ing said suit, the plaintiff, H. C. Williams, left in escrow in said Estancia Savings Bank said sum of $750.00 with the understand-ing and promise of said bank that said money was to be held subject to the order of the court in said cause."

It is further alleged:

"* * * Said H. C. Williams in good faith left said money with said Farmers' & Stockmen's Bank to apply to such judgment that the said W. C. Kemp might obtain against him, and it was mu-tually understood and agreed between the said Kemp and the said Williams that said money was to be used! for no other purpose except to abide the judgment of the court."

The direct testimony on the subject was by Williams. He said that, when he took the option on the land, he placed his personal check with the escrow papers in the bank, and that, when Kemp decided to bring the suit, he came to Williams, and asked him to replace it with a cashier's check, and that they went to the bank and did so. The cashier's check, thus substituted, was made payable to "Ourselves, for W. C. Kemp and H. C. Williams." The stipulation made pending the appeal, and repudiated by Kemp, provided that the deposit be withdrawn from the Farmers' & Stockmen's Bank and be placed in the First

National Bank of Santa Fe, and that "the same shall there remain pending determination of the above-entitled cause, and if the said appellants fail to reverse the trial of the said cause in the Supreme Court, then the said money shall be promptly paid over to said W. C. Kemp to be applied pro tanto on the judgment which the said W. C. Kemp and wife obtained in said cause."

The foregoing we think sufficiently shows the material fact that the sum was deposited and left to apply on the judgment, if it should be obtained, and to be returned to Williams if Kemp should fail in his suit. To this extent the court's finding is based upon substantial evidence. It is not strictly correct in fixing the time of the agreement, "while cause No. 1047 was pending in the district court." The agreement seems to have been made "when Kemp decided to bring this suit." But it is immaterial whether the deposit was made and the agreement entered into just before or just after the commencement of suit; it having been in contemplation of suit, and relating to and providing for the payment of the judgment which might result. The trial court was also inaccurate in finding that the agreement included removal of the deposit from the Estancia Savings Bank to the Farmers' & Stockmen's Bank. The removal seems to have been merely incidental to the merger of the two banks. But this is unimportant. The material fact is that the parties agreed to deposit the money to abide the result.

It follows that, even if the finding had been excepted to and assigned as error, the result would have been the same. It follows also that the complaint is not so fundamentally defective as not to support the judgment.

It is urged that we were wrong in saying that the complaint did not show on its face that there was something due, which it was the duty of appellant to tender as a condition to injunctive relief. It is argued that the court should have taken notice of the interest which would have accrued on a judgment rendered three years previously, and of the costs in the district and Supreme Courts.

If we were to admit that a motion to dissolve a temporary injunction, upon grounds attacking the com-

plaint, is equivalent to a demurrer, we think that a reversal would still not be warranted. We do not think that the question was properly or sufficiently brought to the attention of the trial court.

The grounds of the motion to dissolve were as follows:

"1. That the writ of injunction issued in said cause upon the 6th day of July, 1925, be dissolved, quashed and held for naught for the reason and on the ground that the allegations contained in plaintiff's complaint are insufficient in fact or in law to justify or warrant the granting of the equitable relief prayed for; that it is apparent upon the face of the said complaint that the plaintiffs have a plain, speedy, and adequate remedy at law;

"2. That the said injunction was improvidently granted; the court not having jurisdiction to grant the said injunction, owing to the fact that the complaint fails to set forth facts, in contradistinction to legal conclusions, to justify the court in granting an injunction, and the granting of an injunction in the said cause constitutes an abuse of discretion;

"3. That the said complaint does not even set forth facts sufficient to constitute a cause of action at law;

"4. That the said plaintiffs have not even tendered or offered to pay the amount admittedly due on the said judgment in excess of the alleged deposit of $750.00."

Our Code provides for demurrer for certain defects appearing upon the face of the pleading, among which defects is "that the complaint does not state facts sufficient to constitute a cause of action." Section 4110. "The demurrer shall distinctly specify the grounds of objection to the pleadings; unless it does so, it may be disregarded." Section 4111. If the defect is not apparent upon the face of the complaint, "the objection may be taken by answer," and, "if no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. * * *" Section 4114.

If we assume the foregoing motion to be equivalent to a demurrer, the question is whether it distinctly specifies the particular ground of objection here urged. Certainly the plaintiff was not admitting that anything was due, nor does it appear upon the face of the complaint that anything was admittedly due. The trial court's attention was not directed to the fact that judgments ordinarily bear interest and may also contain an award of costs. The

ground of objection was not distinctly nor specifically pointed out. It lies hidden either in a general or in a misleading paragraph.

Section 4111 is manifestly of some importance in our system of pleading, though we do not find it often referred to in the decisions of this court. In Evants v. Taylor, 18 N. M. 371, 137 P. 585, 50 L. R. A. (N. S.) 1113, it is mentioned but not construed. In Locke v. Murdoch, 20 N. M. 522, 151 P. 398, L. R. A. 1917B, 267, the specific objection urged in this court was that the complaint failed to show "in what way and for what reason plaintiff will suffer irreparable injury." The ground of demurrer was (quoting from opinion) :

"That the complaint failed to state facts sufficient to constitute a cause of action in that it did not show that the plaintiff was entitled to any equitable relief."

It was found unnecessary in that case to decide "whether the matter contained within the demurrer is too general to raise the question."

In Worthington v. Tipton, 24 N. M. 89, 172 P. 1048, a demurrer on the statutory ground that the complaint did not state facts sufficient to constitute a cause of action, was held sufficient to raise the question of the right to mortgage a homestead after entry and before final proof. There it was said:

"There can be no question but that the demurrer must distinctly specify the ground of objection to the pleadings as is provided by the statute, but that it did so in this case is apparent."

The reason for saying that it did so was that "the several parties, and the court as well, evidently considered this one question raised, as is shown clearly by the memorandum opinion of the trial court and the judgment of that court." That means, not that every omission or defect of pleading is raised by the general objection that the facts alleged do not constitute a cause of action; it means only that the demurrer will be held sufficient where the record shows that parties and court considered the specific question raised, and that it was ruled upon. That is in line with the general rule that defects in pleadings will

not be noticed after the parties have actually litigated and invoked and obtained rulings upon the questions involved.

The purpose of section 4111 is to insure against inadvertent errors and the reversal of judgments upon legal questions and theories not fairly presented to and ruled upon by the trial court. We should be assuming a great deal to say that appellant's motion meets this requirement of a good demurrer.

Some of the questions raised in this case are close. We have not readily reached the decision. We are quite satisfied, however, that equity has been done. We are not satisfied that the judgment appealed from is fatally defective, except as pointed out in the original opinion.

The motion for rehearing is therefore overruled, and it is so ordered.

BICKLEY, J., concurs, and PARKER, C. J., dissents.