79 P.2d 921

## WELLS v. GULF REFINING CO.

### No. 4361.

Supreme Court of New Mexico.

May 23, 1938.

John R. Brand, of Hobbs, and Redmond S. Cole, of Tulsa, Okl., for appellant.

C. M. Neal, of Hobbs, for appellee.

PER CURIAM.

Two questions are raised in this court:

First, that one of the findings of the court was not supported by substantial evidence. The appellant did not object or except to the finding made by the district court, nor did he request a finding on the same subject, or otherwise raise in the district court the question of the insufficiency of the evidence to support said finding. Under this state of the record, the supreme court is not authorized to review the evidence to ascertain whether the finding is supported by substantial evidence.

If it is desired to have reviewed by this court the question of whether a finding of fact made by the district court is supported by substantial evidence, that court's attention must be called thereto by an exception or objection to such findings or by request of the objecting party for a finding of fact upon the same subject. Oberg v. Oberg, 35 N.M. 601, 4 P.2d 918; Alexander Hamilton Institute v. Smith, 35 N.M. 30, 289 P. 596; Williams v. Kemp, 33 N.M. 593, 273 P. 12; section 6 of Supreme Court Rule 15.

Appellant's second assignment of error is:

"Where the injured party is furnished medical attention to restore him from the effects of an injury sustained and returns

to work subsequent to such treatment and works for a period of days and then, without any demand for compensation or medical treatment, files a claim for compensation, the statute authorizing allowance of an attorney fee has no application and the order to pay $750.00 attorney's fees is without authority of law."

This question was not raised in the district court and cannot be considered here. American Investment Co. v. Lyons, 29 N. M. 1, 218 P. 183.

▮ On this question of attorney's fees the appellant requested the district court to make the following conclusion of law:

"The Claimant is not entitled to a recovery under the provisions of the Workman's Compensation Act of the State of New Mexico; *that for such reason,* he is not entitled to recover anything on account of attorney's fees." (Our italics.)

Assuming that appellant's requested conclusion of law was correct, the right to recover attorney's fees followed the district court's conclusion that claimant was "entitled to recover under the provisions of the Workman's Compensation Act."

However, the district court found in substance that appellee was injured as claimed; that he notified the appellant of the accident and injury within the time prescribed by law, and that appellant paid compensation under the terms of the Workman's Compensation Act, Comp.St.1929, § 156-101

et seq., as amended, until the 20th day of April, 1937, and since said date *has failed and refused* to pay any compensation for his injury and disability; that on the day after the injury appellee reported the injury to the appellant and that appellant had actual notice of the accident and injuries in the manner and within the time provided by law; that a reasonable attorney's fee for the trial in the district court was $750.00.

These findings, and others made by the court, are the facts upon which the case must be determined, unless set aside by this court upon direct attack, following Sec. 6 of Rule 15 of this court. Only one of the district court's findings was attacked, and that has been ruled against appellant. These are the facts upon which the question rests here. Arias v. Springer, 42 N.M. 350, 78 P.2d 153.

The statutes provide:

" * * * In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. * * *"

Section 156-113, Sts.1929, as amended by section 7, c. 92, N.M.Laws 1937.

" * * * where compensation, to which any person shall be entitled under the provisions of this act, shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount tendered by the employer prior to the court proceedings, then the compensation to be paid the attorney for the claimant may be increased at the discretion of the court trying the same, *or the Supreme Court upon appeal,* to such amount as the court may deem reasonable and proper, and such amount when so allowed by the court, shall be paid by the employer in addition to the compensation allowed the employee under the provisions of this act. * * * " N.M.Sts.1929, § 156-122 as amended by section 11 of chapter 92, N.M.Laws 1937.

The findings of the court just set out would seem to be sufficient upon which to justify the court in allowing attorney's fees. It was not claimed, either in the district court or by assignment of error in this court, that the attorney's fees allowed were excessive.

The judgment of the district court is affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.