119 P.2d 102

### RICHARDS v. WRIGHT.
No. 4620.

Supreme Court of New Mexico.
Nov. 18, 1941.

Donovan N. Hoover, of Santa Fe, for appellant.

Reed Holloman, of Santa Fe, for appellee.

BRICE, Chief Justice.

The appellee recovered damages from appellant for breach of a contract by the latter, for the purchase of certain real estate.

Supreme Court Rule XII provides that "The review in the supreme court shall be limited to errors assigned." The appellant has not assigned errors, and under

numerous decisions of this court no assert-ed error, with certain exceptions not ma-terial here, will ordinarily be reviewed by this court in the absence of an assignment of error as a basis. State Tax Comm. v. Santa Teresa Land Co., 30 N.M. 298, 233 P. 839; Williams ·v. Kemp, 33 N.M. 593, 273 P. 12.

The appellant filed numerous ex-ceptions and objections to the trial court's finding of fact and its refusal to make re-quested findings of fact, but appellant has not only failed to assign error based upon the court's rulings, he has not complied with Sec. 6 of Supreme Court Rule 15, which is as follows:

"Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by sub-stantial evidence will not ordinarily be en-tertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposi-tion, with proper references to the tran-script. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

See Rhodes v. First Nat. Bank, 35 N.M. 167, 290 P. 743.

Also, appellant has made no point or ar-gument, and cited no authority that specifi-cally calls in question the correctness of the trial court's ruling on making any find-ing of fact or his refusal to make any re-quested finding. Under this state of the record the findings of the trial court will not be disturbed by us. Robinson v. Mit-try Bros., 43 N.M. 357, 94 P.2d 99; Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788; In re White's Estate, 41 N.M. 631, 73 P.2d 316; Wells v. Gulf Refin. Co., 42 N.M. 378, 79 P.2d 921. They are the facts upon which the case rests in this court. Wells v. Gulf Refin. Co., supra. The testimony, which appellant argues under headings hereafter referred to, is out of the case. Mosley v. Magnolia Pet. Co., 45 N.M. 230, 114 P.2d 740.

The substance of the court's findings of fact is as follows:

1. That the plaintiff (appellee) and the defendant (appellant) entered into a writ-ten contract whereby appellant agreed to buy and appellee agreed to sell certain real estate situated in the city of Santa Fe, New Mexico, at the agreed price of $5,250. The appellee agreed to employ Charles B. Bark-er, an attorney at law, to quiet the title to said property by suit. The parties agreed that any and all liens against the property should be paid out of the purchase money under the supervision of said attorney, and the warranty deed was left in his hands, to be delivered to appellant in case the title was satisfactory after it had been quieted and the liens discharged. The appellee agreed to furnish an abstract of title "show-ing good merchantable title acceptable to the attorney" of appellant. Obligations un-der the contract were to end in case title

could not be made satisfactory to the attorney of appellant.

2. Under finding 2 the court described the property in question.

3. "That, at the inception of the negotiations between said parties relative to the sale of said property to the Defendant, said Defendant employed Charles B. Barker, as his attorney to represent him in the preparation of the contract of sale and to examine and pass upon the title to said property; that said attorney examined the abstract of title for said property and ascertained that it was necessary to have the title thereto quieted; that said Defendant requested that Plaintiff employ said attorney to file suit to quiet title to said property; that, complying with said request, said Plaintiff did employ said attorney for said purpose and said attorney filed suit to quiet title to said property and obtained a judgment, quieting title to the same; that, although said plaintiff at the request of said Defendant, employed said attorney for said purpose, said Defendant retained said attorney as his attorney to pass upon said title; that, after the quieting of said title, said attorney was the attorney for said Defendant for the purpose of passing upon said title and did pass upon said title for said Defendant at the request of said Defendant."

4. Appellee furnished an abstract of title to the property and Charles B. Barker, attorney for appellant and acting for him, approved the title to said property, and the abstract showed a good, merchantable title, acceptable to appellant's attorney.

5. Appellant was notified by his attorney that the title as shown by the abstract was good and merchantable.

6. Appellee complied with all of the conditions of the contract and was willing and able and offered to carry out its terms by delivering a warranty deed conveying the same to appellant.

7. Appellant rescinded and repudiated said contract and failed and refused to carry out its terms.

8. Owing to appellant's refusal to carry out said contract the appellee was compelled to and did later sell the property to another purchaser at the price of $4,000.

9. By reason of the failure and refusal of appellant to comply with his contract the appellee was damaged in the sum of $1,250.

On these findings of fact the court concluded appellee was entitled to recover $1,250, and entered judgment accordingly.

An argument is made under the following heading, which we will treat as an assignment of error: "The written contract having stipulated that a third person, to be selected by vendee, should be the umpire, to determine whether or not the abstract of title, to be submitted by vendor, showed a good merchantable title satisfactory to the umpire so selected, the umpire so selected was the party to be satisfied with the title."

We find no fault with this statement. But the findings of the court show that appellant selected one Charles B. Barker as the "umpire" and not Donovan N. Hoover, as appellant asserts. The opinion of Mr.

Hoover on the question of whether the abstract reflected a merchantable title was entirely immaterial.

Another heading is as follows: "Finding of fact No. 3 adopted by the court is contrary to the terms of the written instrument upon which the suit below was brought and is contrary to law in that it authorized recovery to the plaintiff for an act of her attorney, who, without full and complete disclosure to the defendant, and who at the time had an interest in the proceeds of the proposed sale to the extent of his judgment lien, and who could not under the circumstances consistently conduct himself as not to be open to temptation of violating his obligations of fidelity and confidence in attempting to represent the interests of both plaintiff and defendant, which such interests were and are conflicting."

Neither the contract nor the findings of fact contains any of the asserted facts stated in the above heading. It does appear that appellant's attorney also represented appellee in the suit to quiet title, but there is substantial evidence to establish that this was at appellant's request. It is not unusual for the purchaser of real estate to require that his attorney be employed to quiet the title to the property he is buying. There is no impropriety in such employment if it is clearly understood by the parties.

A third heading is as follows: "The trial court admitted parol testimony to vary the clear and unambiguous contract."

If the trial court so erred, we find no assignment of error which would authorize this court to consider the question. Wil-

liams v. Kemp, supra. It is not sufficient to assert generally, as here, that the trial court erred in admitting testimony. We are not able to say that the trial court erred as charged, in the absence of any further reference to the testimony than "the introduction of testimony over the objections and exceptions of defendant, was prejudicial error in that the action of the trial court improperly permitted the plaintiff to set up matter which varies and changes the unambiguous contract." This, and only this, reference is made to the admitted testimony; and if we were disposed to search the record to discover it, we have no assurance that our selection would be that referred to by appellant.

The judgment of the district court is affirmed.

It is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.