152 P.2d 399

## SANDS v. SANDS.
### No. 4842.

Supreme Court of New Mexico.

Sept. 13, 1944.

Rehearing Denied Nov. 6, 1944.

C. C. Davidson, of Tucumcari, for appellant.

R. A. Prentice, of Tucumcari, for appellee.

MABRY, Justice.

Appellant Leon P. Sands sued for and was granted a divorce from appellee Eula Gladys Sands upon the grounds of incompatibility, and a division of the community property as between the parties was then and there made. Appellant appeals from the judgment so far as it purports to divide, or apportion, the community property, claiming that it was not divided equally, as the statute provides it shall be. 1941 Comp., Sec. 25-702, 25-703. Appellee affirmatively asks for an accounting and division of the community property, and in his reply, appellant lists the community property subject to division and gives his estimate of its value.

It must be conceded that the jurisdiction of the trial court was invoked in the matter of a division of the property as it was in the matter of divorce. The net value of the property, as found by the court, was $35,000. The only issue presented by the appeal, appellant concedes, "is the power of the court to apportion community property between spouses in a suit for separation and divorce, except as it may be equally divided, setting apart to each of the spouses their undivided one-half interest in the property." Beals v. Ares, 25 N.M. 459, 185 P. 780. Appellant contends that the division of the property here had was not upon the basis of equality as between the parties; that the trial court mistakenly undertook to "apportion," rather than divide, understanding that it could, in its discretion, give a larger portion of the com-

munity property to appellee than to appellant; and that it did so make an uneven division thereof.

The following findings of facts and conclusions of law were made:

## Findings of Facts

I. That both plaintiff and defendant are now, and have been for many years, prior to the filing of the complaint herein, residents in good faith of the State of New Mexico.

II. That a state of incompatibility exists between the plaintiff and defendant, and that by reason thereof the bonds of matrimony existing between the plaintiff and defendant should be dissolved and both restored to the status of single persons.

III. That all property now owned by the parties hereto is community property of the approximate net value of $35,000; and that each of said parties is entitled to an undivided one-half interest therein.

IV. That the plaintiff, Leon Sands, is hereby awarded, of the community property, all right, title and interest in and to the shares of stock of the Sands-Dorsey Drug Company, a domestic corporation, together with the stock of drugs, goods, wares, merchandise, accounts receivable, accounts payable, cash in bank and on hand, notes receivable and notes payable, fixtures and good will of the said Sands-Dorsey Drug Company, subject to the payment of the items of indebtedness upon the property hereby awarded to the defendant. There is also awarded to the plaintiff that certain bowling alley now located near Pecos, Texas, consisting of fixtures, equipment, merchandise and accessories. There is also awarded to the plaintiff one certain automobile described in the complaint and now in possession of the plaintiff.

V. That the defendant, Eula Gladys Sands, is hereby awarded, free and clear of any interest, claim or demand thereon or thereto of the plaintiff, Leon Sands, the following property: That certain residence, together with the premises whereon the same is situated, located west of Tucumcari, on highway No. 66 and more particularly described as follows, to-wit: (description of the real estate) together with the improvements thereon and appurtenances thereto and the household furniture located in the buildings upon said real estate, all subject to a mortgage in the approximate sum of twenty-five hundred dollars. A more particular description of said tract of land is as follows: (description of tract of land).

VI. That the defendant is also awarded, free and clear of any interest, claim or demand thereto or therein by the said Leon Sands, the following described lots and parcels of land located in Tucumcari, Quay County, New Mexico, to-wit: Lot Seven (7) in Block One (1) of the Barnes Addition to Tucumcari, New Mexico. Also, Lots One (1) to Twelve (12) both inclusive in Block Twenty-two (22) of the Highland Park Addition to Tucumcari, subject to

the indebtedness thereon which indebtedness should be paid by the defendant.

VII. That the shares of stock in the Federal Investment Company, now standing in the name of the plaintiff, Leon Sands, in the number of 1490 shares, be and the same are hereby awarded to the defendant, free and clear of any right, title, interest, claim or demand thereon or thereto by the plaintiff; that plaintiff pay Bernice Clavel the approximate sum of $7,500, being the amount due the said Bernice Clavel by the parties hereto and which is secured by said stock as collateral.

VIII. That the shares of stock in the First National Bank of Tucùmcari is hereby awarded to the plaintiff, Leon Sands.

Based upon the foregoing findings, the Court concludes:

I. That plaintiff is entitled to a decree of divorce on the ground of incompatibility.

II. That the defendant is entitled to a decree awarding her all stock owned by the community in the Federal Investment Company, subject to the indebtedness thereof, which plaintiff should pay; that she is also entitled to a decree awarding her the real estate as set forth in the foregoing findings, subject to the indebtedness thereon, which indebtedness should be paid by the defendant.

III. That the defendant is entitled to a lien on all property of the community until the stock held by the community in the Federal Investment Company is transferred to her and the indebtedness thereon paid by the plaintiff.

IV. That the plaintiff is entitled to a decree giving and awarding him all of the other property of the community, subject to all liens and indebtedness of the community which shall be paid by the plaintiff.

█ We cannot agree with appellant that the trial court mistook the law governing division of the community property in suits of this character, or that it did not make a fair and equal division as between the spouses. According to the calculation of appellee, appellant himself got somewhat the best of the division, but she makes no assignment of this as error. Appellant's contention seems to be that the court should have found and concluded that the property was not subject to division at all and that appellant should have been permitted, upon proper appraisement, to pay to the appellee in cash the value of her half of the property, but he does not show us how this might be true. We find no merit to this contention.

█ It is the duty of the court to divide equally the property of the community, and we are not prepared to say the court erred in this respect. Appellee concedes that the court was only authorized to divide the property equally and not to give to one a greater share than the other. 1941 Comp. Sec. 25-702, 25-703; McKay on Community Property, 2nd Ed., secs. 411, 413 & 425; Beals v. Ares, 25 N.M. 459, 185 P. 780. Some states do provide for a division not necessarily equal but more in accord with

the merits and equities of the parties (Mc-Kay, supra, sec. 1311); but New Mexico is not one of these. See also Vol. I, Funiak's "Principles of Community Property," Sec. 227.

■ Appellant, in attacking the court's findings, in which certain portions of the community property are set off to each of the spouses in arriving at what it found and considered a fair and equal division, as not supported by substantial evidence, does not show compliance with Rule 15, Supreme Court Rules, 1941 Comp. sec. 19-201(15). He does not state in his brief "the substance of the testimony bearing upon the proposition," with proper references to the transcript.

For example, appellant complains that the "major portion" of the property is that represented by certain corporate stock, which is set apart to appellee; and that appellant is obligated to pay certain indebtedness now against it, and that there is thus, and otherwise, an unequal division. But we are not given by his brief the substance of all (or any) of the evidence showing how this is so. The findings and judgment propose to make of it an equal division, and we will presume that they do so. He complains further that a fair and equal division of the property could be better made (if in fact it could be made in any other way) by a sale of the whole with appellant the purchaser paying to appellee her half of the purchase price. But, again we are not shown by any evidence relied upon in support of such contention how this is true.

The trial court was dealing with both real and personal property; with property it doubtless felt could be divided between the parties without sale, apportioning fairly and equally, dividing, the property as between them with due consideration, in arriving at net value, of the indebtedness to be lifted and of which spouse would be better circumstanced to pay such debt, and thus better conserve the property interest of both. It will be presumed that the trial court was equally dividing upon what it found to be the net value of the property after deducting the encumbrances thereon.

We are not called upon, under the circumstances, to search the record to discover from the voluminous evidence introduced going to the subject of value, gross and net, or the character of each item of property involved as being subject to division without sale, to discover whether the findings are supported by substantial evidence. We will indulge all presumptions in favor of the judgment. Hobbs Water Co. v. Madera et al., 42 N.M. 373, 78 P.2d 1118; Cullender v. Doyal, 44 N.M. 491, 105 P.2d 326; and Richards v. Wright, 45 N.M. 538, 119 P.2d 102.

■ This court will, ordinarily, and does here under the state of the record, resolve all disputed facts in favor of appellee and will view the findings, and the evidence so far as it need be noticed at all, in an aspect most favorable to her. Federal Land Bank,

etc., v. Beck, 46 N.M. 87, 93, 121 P.2d 147; Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397.

Other questions, in addition to that which appellant says is the sole one, are raised as indirectly appertaining thereto, and are argued, but these likewise, are without merit.

Finding no error the judgment is affirmed. And it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.