297 P.2d 319

H. CROSS, individually, and Alfred G. Butler, trustee, Plaintiffs-Appellants and Cross-Appellees,

v.

Winnie M. RITCH, Defendant-Appellee and Cross-Appellant,

and

Sierra Talc Company, a corporation, Watson L. Ritch, Jr., if living, if deceased, the *unknown heirs of Watson L. Ritch, Jr.*, deceased, and all unknown claimants of interest in the premises adverse to Plaintiffs, Defendants.

No. 5885.

Supreme Court of New Mexico.

May 9, 1956.

Nils T. Kjellstrom, Truth or Consequences, for appellants.

Chavez & Cowper, Belen, for appellee Winnie Ritch.

KIKER, Justice.

In this case plaintiffs filed their complaint to quiet title to "Red Rock Talc Lode Mining Claim" located partly in Dona Ana County and partly in Sierra County. The claim was unpatented and plaintiffs claimed

to be the owners thereof to the exclusion of any and all claims of defendants.

No defendant answered in the case except Winnie M. Ritch, who denied all allegations of plaintiffs' complaint as to ownership, and by counter-claim asserted that she was the owner of "The Red Rock Talc Lode Mining Claim", being partly in Sierra County and partly in Dona Ana County.

The names of the alleged claims, as above quoted, are somewhat different, but their descriptions are the same.

The plaintiffs claim that all attempted locations made prior to the month of December, 1941, were abandoned and that they made a location under the name "Red Rock Talc Lode Mining Claim" in December, 1941, and did everything necessary to complete their ownership as against all other individuals claiming any right or interest or claim of possession thereto.

Defendant Winnie M. Ritch, answering plaintiffs' complaint, denies most of the material allegations stated in the complaint, but states "That she admits that on the 1st day of September, 1941, defendant Watson L. Ritch Jr., together with others, undertook to locate and claim, as a lode mining claim, * * * The Red Rock Talc * * *" and denies abandonment of the claim.

The issues in the case are (a) when and by whom was a valid location of the claim made; (b) whether there was any abandonment of any claims; and (c) who now owns the claim.

At the conclusion of the trial, plaintiffs-appellants requested 30 findings of fact and 9 conclusions of law. Defendant-appellee and cross-appellant requested neither findings of fact nor conclusions of law. The trial court made 8 findings of fact and 4 conclusions of law. Both parties appeal from the decision.

Appellants' statement of facts makes no reference whatever to the findings of fact made by the trial court, nor does it make any reference whatever to the testimony contained in the 283-page bill of exceptions. Without examining the record, we can know nothing of the facts until we come to the assignments of error set out in appellants' brief, as, in stating the assignments of error, appellants copy into their brief the findings of fact made by the court to which they object.

The first finding of fact as to which error is assigned is that on September 1, 1941, H. Cross, L. C. Butler, O. M. Nelson and Watson L. Ritch, Jr., made location of the mining claim in question, placed monuments thereon and posted the necessary notice. The second assignment of error attacks the court's third finding of fact which is that the necessary location work was done on the claim and that the notice of location was duly recorded in Socorro County, New Mexico.

Appellants also assign error as to the court's fourth finding of fact to the effect

178

that on December 8, 1941, Cross, Butler and Nelson, together with one Nate C. Smith, attempted to make a location upon the same property omitting the name of Ritch as one of the locators.

Plaintiffs-appellants also assert error as to the court's finding No. 5 which is:

"That the plaintiffs, H. Cross and Alfred G. Butler, as Trustee, own an undivided one-quarter interest each in the Redrock Talc unpatented lode mining claim; that Oscar M. Nelson, sometimes known as O. M. Nelson, according to his testimony sold his one-quarter interest to H. Cross, but that the deed therefor has never been placed of record, and there was no evidence presented to the Court as to its loss or destruction; that the interest of Watson L. Ritch, Jr. in and to said mining claim was conveyed to Winnie M. Ritch and she is now owner of one-quarter interest therein." (Tr. 63)

Appellants also assign error in refusal of the court to make certain findings of fact requested by them, in effect as follows: (1) that on December 8, 1941, Cross, Butler, Nelson and one Nate C. Smith made a location on the same mining property called the Redrock Talc lode mining claim; (2) that this claim was completed by doing the necessary location work and the necessary posting, filing and recording; (3) that Nelson later sold all his interest to Cross; (4) that Butler later transferred his interest to Alfred G. Butler in trust for him-

self and that said trustee still holds an undivided ¼ interest in the claim; (5) that Cross owns an undivided ¾ interest in the claim; (6) that the claimants under the location notice of September 1, 1941, failed to do the location work required by law; (7) that the notice of location of September 1, 1941 "was not posted upon the ground which said notice of location described and purported to locate until on or after January 1, 1942"; (8) that the purported location of September 1, 1941 was never completed and said location was abandoned; and (9) that Watson L. Ritch, Jr., made no claim to the December, 1941 location. Plaintiffs-appellants requested conclusions of law in accordance with their requested findings. If the court had found as appellants requested, they would have had judgment for the entire mining claim.

So far as we can ascertain, appellants' first point is "The only valid location of the premises was that of December 8, 1941." The quoted statement is found in the closing paragraph of appellants' brief in chief under point one of argument. The argument under point one refers to each of the assignments of error. In an attempt to support the assignments and the point, plaintiffs have written eleven pages of argument which deals almost entirely with facts alleged to be in the record, but not once in those pages is there a reference to the record. From plaintiffs' brief we have no way of finding out what the testimony was as to this point.

This court has stated more than once that it is a court of review and will not search the record in an effort to find facts with which to overturn the findings made by the lower court. Rhodes v. First National Bank, 35 N.M. 167, 290 P. 743; Richards v. Wright, 45 N.M. 538, 119 P.2d 102; Sands v. Sands, 48 N.M. 458, 152 P.2d 399; Gore v. Cone, 60 N.M. 29, 287 P.2d 229; Supreme Court Rule 15 (6). For the reasons stated, we must pass appellants' point one.

■ Defendant-appellee and cross-appellant ·Winnie M. Ritch undertakes to argue that the valid location of the claim was not on December 8, 1941, or on September 1, 1941, but on some date in August, 1941, thereby taking a position at variance with both appellants and the court. Appellee did not present this theory by requested findings and did not object to the finding made by the trial court as to a valid location date. The contention appears to have been urged for the first time on appeal and cannot be considered, no proper foundation for review having been laid by requested findings and appropriate objections to the findings of the court. Wright v. Atkinson, 39 N.M. 307, 46 P.2d 667; Brown v. Gurley, 58 N.M. 153, 267 P.2d 134; Miller v. Smith, 59 N.M. 235, 282 P.2d 715. We are convinced, moreover, that the finding of the trial court is justified by the evidence. We must hold that the location of the claim was made September 1, 1941.

■ Under their second point, appellants assert that H. Cross, for good and sufficient consideration, succeeded to all the right, title and interest of O. M. Nelson, the former owner of a ¼ interest in the mining claim.

The contention is that Nelson and Cross had a clear understanding about this sale and that on August 4, 1942, Nelson executed a mining deed conveying his interest to Cross for a consideration of $700; that the deed was prepared by Charles H. Fowler, then a practicing attorney at Socorro and later a District Judge in New Mexico, who went with Mr. Nelson to the Hot Springs National Bank where the arrangement was completed by which the deed was left with the Hot Springs bank to be delivered to Cross, who resided in New York, upon payment of the check for $700.

It is undisputed that Nelson was one of the locators of the mining claim under any of the three disputed dates. He testified at the trial, without objection, that he did not at that time own any interest in the claim; that he had sold it to H. Cross in 1942 and that Judge Fowler was attorney for Mr. Cross at that time; that he and Judge Fowler went to the bank at Hot Springs together and left a deed with the bank with instructions to deliver the deed to Cross when the $700 check given in payment had cleared; that he left the deed at the bank and had no knowledge what became of it but that the bank paid him the $700; that it

was his intention to convey all the interest he had in the mining location known as Red Rock Talc to Cross at that time and that he had never intentionally since that time made any claim of interest in the mining claim and that he had never intentionally signed any papers since that time concerning the mining claim; that he had nothing left to convey after he signed that deed naming Cross as grantee.

Judge Fowler testified by deposition that the deed conveying the property to Cross was signed in his presence and delivered to the bank in his presence with the understanding that it should be held by the bank until the check in payment was cleared and then it was to be forwarded to Cross by the bank.

Mr. Cross testified by deposition, taken in New York, that he sent his check for $700 payable to the bank which was left with the bank with instructions to collect and deposit the proceeds to Mr. Nelson's account; that after the check had cleared, the Hot Springs National Bank, in their letter of August 14, 1942, "forwarded such deed from Mr. Nelson to me at New York which deed was, unfortunately, misplaced, and has not been located." (Tr. 241)

It is not claimed that there was any other testimony showing that the deed from Nelson to Cross had been lost or destroyed; and the court refused to admit in evidence the copy of the deed which was submitted with Judge Fowler's deposition. The trial court was not seriously impressed, evidently, with the testimony by Mr. Cross as to what happened in New Mexico while Mr. Cross was in New York. The deposition contains statements as to what the bank did with the deed after paying the money to Nelson. The deposition does not state clearly that Mr. Cross ever had the deed in his hands. It merely says that it was forwarded to New York and that it was misplaced and has not been located. When or where the deed was misplaced is not shown. What search was made to locate the deed, if any search was made, does not appear in the evidence. We reluctantly approve of the ruling of the trial court in refusing to admit the copy of the deed.

Defendant, on cross-appeal, urges that she, Winnie M. Ritch, is the owner of the interest formerly held by O. M. Nelson in the mining claim. Once again, defendant made no request of the trial court to find for her on this theory, and did not object to the finding made that O. M. Nelson did not intend to convey this interest to her. In addition, we may say that the finding of the court on the point is supported by substantial evidence.

The judgment of the trial court should be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.