520 P.2d 284

**TITLE SERVICES, INC., Appellant,**

v.

**COMMISSIONER OF REVENUE,
Appellee.**

**No. 1321.**

Court of Appeals of New Mexico.

Feb. 13, 1974.

Sutin, J., dissented and filed opinion.

Paul A. Kastler, Kastler & Erwin, Raton, for appellant.

David L. Norvell, Atty. Gen., Susan P. Graber, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

The issue in this tax case is whether a sum of money equal to the amount paid to attorneys for title opinions is a gross receipt of the taxpayer (Title Services, Inc.). The Commissioner of Revenue assessed gross receipts tax, penalty and interest on such an amount; the taxpayer protested; its protest was denied. Taxpayer appeals directly to this Court. Section 72–13–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1973). We do not reach the merits of the appeal. We cannot determine on what basis the Commissioner denied the protest. Accordingly, we vacate the Commissioner's "Decision and Order" and remand the matter for further proceedings consistent with this opinion. See Westland Corporation v. Commissioner of Revenue, 83 N.M. 29, 487 P.2d 1099 (Ct.App.1971).

Taxpayer, as agent for a title insurance company, issues title policies for its customers. Before issuance of a title policy, taxpayer receives a written opinion from a practicing, independent attorney stating that the title is insurable. The attorney who writes the opinion may be designated by the customer. If not so designated, the taxpayer selects the attorney.

Taxpayer's bill to its customer includes the amount of the insurance premium, taxpayer's charge for any title search involved and an amount equal to the attorney's fee for the title opinion. These items are not segregated; one stated amount due to taxpayer is billed to its customer. Once the customer pays the taxpayer, it remits to the attorney the amount of the fee. If the customer does not pay, the attorney is not paid for the title opinion. The attorney pays gross receipts tax on the amount remitted.

If no title policy is issued, the attorney is not paid for his title opinion.

The tax assessment involves an amount of money equal to the sum taxpayer collected from its customers and remitted to attorneys as attorney fees. The Commissioner claims this amount is a gross receipt of taxpayer.

Protesting, taxpayer stated it "cannot legally, nor should [it] be required to, include the amount of the legal services of the attorney for the insured as a part of his 'gross receipts.' " The contentions of the parties are included in a written stipulation. In those contentions the parties disagree as to whether the amounts involved are gross receipts and disagree for whom the attorney performs his services in rendering the title opinion.

The disagreement involves both questions of fact and law. The disagreement of fact is for whom the attorney performs his service. The Commissioner's "Decision and Order" contains no findings of fact. We have no way of knowing the effect of the Commissioner's undisclosed resolution of this factual dispute (if in fact he did resolve it) on his decision to deny the protest.      -

We assume the Commissioner determined that the attorney performed title opinion services for the taxpayer and not for the taxpayer's customer. This assumption does not, however, provide a basis for ascertaining how the Commissioner resolved the disagreement as to the law. The legal disagreement involves applicable statutory definitions of "gross receipts."

The period covered by the assessment is January 1, 1969 to November 30, 1971. During that period, "gross receipts" were defined by Laws 1969, ch. 144, § 1 and Laws 1968, ch. 57, § 1. The portion of these definitions relied on by taxpayer states:

(a) Gross receipts means the total amount of money received from selling property in New Mexico.

(b) Gross receipts means the total amount of money received from performing services in New Mexico.

(c) " 'Gross receipts,' for the purposes of the business of * * * selling or promoting the * * * sale * * * as * * * agent * * *, on a commission or fee basis, of any property, [or] service * * *, includes only the total commissions or fees derived from the business."

On which of the above three definitions did the Commissioner rely in denying the protest? We do not know. If it was on the basis of either (b) or (c) above, then the applicable statutory definition of "service" is involved. That definition states that services mean all activities engaged in for other persons for consideration. See Laws 1969, ch. 144, § 1 and Laws 1968, ch. 57, § 1. Under the facts, what was the Commissioner's view as to the activity the taxpayer engaged in for consideration? We do not know.

In the answer brief, the attorney for the Commissioner takes the view that the protest was denied on the basis that taxpayer performed services for its customer in connection with the attorney's title opinion. This argument assumes factual determinations which were for the Commissioner to make, and so far as the record shows, have not been made.

We are aware that the Tax Administration Act, unlike the Administrative Procedures Act, does not require the Commissioner to make findings of fact and conclusions of law in denying a taxpayer's protest. Compare § 72-13-38, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973) with § 4-32-12, N.M.S.A.1953 (Repl.Vol. 2, Supp.

1973). The absence of findings of fact and conclusions of law is not, therefore, the basis of our decision.

Our decision is based on the fact that § 72–13–39(A), supra, provides for an appeal to this Court "upon the record," and § 72–13–39(D), supra, limits our review to specified grounds. S E C v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), involved the validity of a decision of a federal administrative agency. The United States Supreme Court stated: "the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review. * * * [T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained."

In this case the grounds on which the Commissioner acted are not disclosed. Accordingly, we are not in a position to conduct the review which § 72–13–39, supra, authorizes. For this reason, the matter must be remanded to the Commissioner for further proceedings.

In the absence of a statutory requirement, we do not hold that the Commissioner is required to make formal findings of fact and conclusions of law. We do hold that the record presented to the Court for review must indicate the reasoning of the Commissioner and the basis on which he denied the taxpayer's protest. Compare City of Roswell v. New Mexico Water Qual. Con. Com'n, 84 N.M. 561, 505 P.2d 1237 (Ct.App.1972).

The "Decision and Order" of the Commissioner is vacated. The cause is remanded to the Commissioner for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent. I would reverse.

This case should be decided on the merits. A remand to the Commissioner will result in a second appeal upon which the same issues will be determined.

The parties stipulated:

Taxpayer is engaged in the business of providing abstracting and similar services. In title insurance matters, the customer may designate an attorney whom he desires to examine the title. In the event of non-designation of an attorney by the customer, the matter is referred to a practicing, independent attorney who is chosen by the taxpayer and the customer is always informed of the identity of the attorney examining the title. The taxpayer bills the customer for the attorney fee. The customer pays the attorney fee, and the taxpayer remits the amount of the fee to the attorney.

The attorney examines the title to property selected by the customer and sends the taxpayer a written opinion.

The taxpayer contends " . . . that the attorney's services are performed for taxpayer's customers and not for the taxpayer . . . ." The Bureau of Revenue contends " . . . that the attorney's services are performed for the taxpayer . . . ." This is the sole issue to decide.

The Decision and Order of the Commissioner is:

2. The amounts upon which tax was assessed constitute "gross receipts" of the taxpayer within the meaning of Section 72–16A–3(F), N.M.S.A. 1953 (Supp.1969 and Supp.1971).

This section reads in part:

F. "gross receipts" means the total amount of money or the value of other consideration received * * * from performing services in New Mexico * * *

Section 72–16A–3(K), supra, provides in part:

K. "service" means all activities engaged in for other persons for a consideration, which activities involve primarily the performance of a service as distinguished from selling property.

Section 72–16A–5, supra, provides in part:

To prevent evasion of the gross receipts tax and to aid in its administration, it is presumed that all receipts of a person engaging in business are subject to the gross receipts tax.

This presumption is met by the record of operations. Westland Corporation v. Commissioner of Revenue, 83 N.M. 29, 34, 487 P.2d 1099 (Ct.App.1971).

The sole issue under the stipulation is: Were the attorney's services performed for the taxpayer or for the customer?

In re Barth, 26 N.M. 93, 126, 189 P. 499, 510 (1920), said:

The relation of attorney and client is one of the highest trust and confidence, requiring the attorney to observe the utmost good faith towards his client, and not to allow his private interests to conflict with those of his client.

An attorney is disqualified from representing adverse interests in the sense that they are in conflict with each other. 7 C.J.S. Attorney and Client § 47. He has a duty to make a clear, complete, and accurate disclosure of all material information or facts concerning the subject matter of the employment. 7 C.J.S. Attorney and Client § 125, p. 959; In re Barth, supra.

There is no impropriety in representing two parties if it is clearly understood by them. Richards v. Wright, 45 N.M. 538, 542, 119 P.2d 102 (1941). But in the present case, the taxpayer does not employ the attorney. It refers the examination of title evidence to an attorney who represents the customer the same as though the customer designated the attorney.

In this case, the customer had to pay the attorney fee. The relationship of attorney and client existed. Therefore, the attorney's services were performed for the customer, not the taxpayer. The customer wants to know if the title insurance policy is valid. The attorney had a duty to disclose to the customer all of the details of his examination of the title evidence and the title insurance policy. That this information may be of benefit to the taxpayer is irrelevant. It would be unconscionable for an attorney to benefit the taxpayer at the expense of the customer.

The attorney fees are not received by the taxpayer from the customer for services the attorney performed for the taxpayer. The taxpayer receives the money for the attorney fee and pays the money to the attorney as an accommodation to the customer and the attorney. If the Commissioner's decision were upheld, the customer would be required to issue two checks, one to the taxpayer and one to the attorney. It must be confessed by the Commissioner that this method of operation would not constitute a gross receipt of the taxpayer.

The Commissioner plays with the statutes like a chess game. It contends (1) that "amounts paid to attorneys for title examination are merely *overhead expenses or costs of doing business, . . .*" (2) Payments to attorneys in this situation are payments for services *consumed* by this taxpayer and utilized by it." (3) "Again, it is Title Services, Inc., which receives the *benefit* of the attorney's title examination." [All emphasis by Commissioner].

In chess, "the same elements, as double attacks, fixations, obstructions, etc., occur again and again in more or less complicated association. *The more one sees of them, the easier it becomes to conceive and follow through such combinations themselves.*" Reti, Masters of The Chessboard, VI (1932). [Emphasis by author].

The Gross Receipts Statute, and the issue before this court, do not directly or indirectly encompass the arguments of the Commissioner. The taxpayer did not engage in any activity for the customer "for a consideration" which included payment to the taxpayer of an attorney fee. The attorney was performing services to the customer for a fee. "The total amount of money received . . . from performing services" to the customer, was the cost and expense of "providing abstracting and similar services."

The majority voting to remand, I dissent.