17 P.(2d) 943

## In re HAY'S GUARDIANSHIP.

### No. 3676.

Supreme Court of New Mexico.

Dec. 9, 1932.

A. C. Voorhees, of Raton, for appellant.

F. S. Merriau, of Raton, for appellee.

HUDSPETH, J.

In the year 1920, A. C. Voorhees, appellant, was appointed guardian of the estate of Nelle Lucille Voorhees, his granddaughter, a minor, on the petition of Marie Anne Lowe, the mother of the infant. In the year 1922, appellant loaned the money of his ward to his son and signed the note himself, and appellant and his wife have since executed mortgages on 3,125 acres of land situate in Taos county, valued for taxation purposes at $1 per acre, to secure the payment of the note. Taxes on the land were delinquent at the time of the hearing and no interest had been collected on the indebtedness, which was past due. Appellant admitted an indebtedness to his ward of the sum of $6,608.

After the marriage of the ward, Nelle Lucille Voorhees, and while she was in her nineteenth year, proceedings were commenced in her name by her mother as next friend, which resulted in an order of removal of appellant as guardian. From this order of the probate court an appeal was taken to the district court, where a trial de novo was had, and the district court, after requiring Marie Anne Lowe, the next friend, to give bond, entered its decree removing appellant as guardian and appointing Ernest D. Reynolds guardian of the estate of said Nelle Lucille Hay, and directed appellant to turn over to said Reynolds all of said minor's estate, papers, etc. David G. Dwyer, one of the sureties on appellant's bond as guardian, died prior to the commencement of removal proceedings.

Appellant maintains that, because of the marriage of his ward prior to the commencement of the removal proceedings, said proceedings were not properly instituted, first, because 1929 Comp. § 62-125, provides "the guardianship over men and women shall cease with their marriage, * * *" and, second, that the husband became the next friend upon the marriage of his ward, and that the mother of the infant could not properly institute such proceedings. 1929 Comp. § 62-125, refers to guardianship of the person (Montoya de Antonio v. Miller, 7 N. M. 289, 34 P. 40, 21 L. R. A. 699), and has no application to the guardianship of estates of minors. The proposition that the husband is the only person who is qualified to act as next friend of a married woman under twenty-one years of age in matters affecting her separate estate is untenable. The interest of the ward is the first consideration of the court which has plenary power over persons suing for infants. A next friend may be removed and another substituted. 1929 Comp. § 105-202. The district court recognized the mother as next friend when she was required to give bond. Every presumption as to the regularity of the proceedings of the district court will be presumed. Bent v. Mexwell L. G. & Ry. Co., 3 N. M. (Gild.) 227, 3 P. 721.

Appellant maintains that the evidence does not support the finding on which the decree of removal was founded to the effect that there was conflicting interest be-

tween appellant and his ward. Appellant had failed to comply with the order requiring him to file a new guardian's bond, so apparently the only security the ward has is the mortgages on the land of appellant. The debt secured by the mortgages is past due. No interest had been collected, and the land pledged to secure the note had been allowed to become incumbered with tax liens. Foreclosure proceedings should have been commenced. The conflict of interest is apparent. It has been held that an order approving a loan of the ward's money by the guardian to himself is void. Sowers v. Pollock, 112 Kan. 599, 212 P. 103, 104, 30 A. L. R. 458. There may be cases where the guardian has only the interest of his ward at heart in loaning the ward's funds to a member of his own family, but the practice is not to be commended, and such a loan should never be approved until the court has been satisfied by an independent investigation that the transaction is in the interest of the ward.

"A principle which has been universally recognized since the beginning was expressed by Lord Ellenborough in [Thompson v. Havelock] 1 Campbell, 528 [10 Revised Rep. 744], that 'no man should be allowed to have an interest against his duty.'" Sowers v. Pollock, supra.

The decree of the district court will be affirmed; and it is so ordered.

BICKLEY, C. J., and WATSON and SADLER, JJ., concur.

NEAL, J., not participating.