18 P.(2d) 249

**STATE ex rel. THOMPSON v. BEALL et al.**

No. 3723.

Supreme Court of New Mexico.

Dec. 30, 1932.

J. D. Mell, of Santa Fé, for appellants.

J. Frank Curns, of Santa Fé, for appellee.

NEAL, J.

This is an appeal from a judgment of the district court of Santa Fé county, awarding the appellee a peremptory writ of mandamus, requiring the appellant, the state tax commission, to approve the appellee's voucher for reimbursement of expenses in the sum of $699, alleged to have been incurred by her while employed by the state tax commission, as delinquent tax collector for Valencia and Sandoval counties, and to require the appellant, the state auditor, to issue a warrant to the state treasurer therefor, and the treasurer to pay the same.

The petition, among other things, alleges that the expenses of appellee for which reimbursement was sought, was ordered incurred by the tax commission; that the appellee expended the money pursuant to such order; that her voucher therefor was duly presented to the state tax commission for approval, and was by it disapproved; that sufficient money was in the proper fund to pay the claim; and that appellee had no adequate remedy at law.

The alternative writ was issued, and, on return of the writ in answer, the appellant admitted employment of appellee, the sufficiency of the fund to pay the claim, admitted the appellee's voucher was presented and disapproved, alleged that petitioner had an adequate remedy at law, and, by denial of knowledge or information of facts alleged, placed in issue the other material issues of the complaint.

Upon a hearing, judgment was rendered granting the peremptory writ of mandamus, and an appeal was duly taken and the cause presented in this court.

The facts of the case are: (1) As admitted by respondent tax commission, that on June 28, 1930, appellee was appointed delinquent

tax collector for Valencia and Sandoval counties, at a salary of $2,400 per year; that she served as such for eight and one-half months, presented her vouchers for salary, and the same were approved and paid; and that there is enough money in the state tax commission fund from Valencia and Sandoval counties to pay the sum claimed by appellee, and that appellee presented her reimbursement expense voucher to the commission, and the same was disapproved. (2) The court found on issues controverted in the pleadings that the state tax commission ordered or authorized that appellee incur expenses of $250 for clerical help in making out tax certificates, $50 per month for automobile expense, and $24 for stamps, a total of $699, for which she presented her voucher for approval.

Appellant assigned errors as follows:

"1. The court committed error in overruling appellant's, the State Tax Commission's Motion to Quash Alternative Writ.

"2. The court committed error in overruling appellant's Demurrer to the evidence introduced in behalf of appellee.

"3. The court committed error in rendering judgment against the appellant, the state tax commission, in the sum of Six Hundred and Ninety-Nine Dollars. ($699.00)

"4. The court committed error in issuing a Peremptory Writ of Mandamus against the appellant, the State Tax Commission."

These specifications of error are not separately treated in the brief. Remarking that they are interwoven, counsel have proceeded to argue a single proposition, which is, in substance, that this is not an appropriate case for mandamus; in the language of counsel, "It is an attempt to recover or collect on disputed contract or claim by mandamus." This is the sole question before us.

■ For all purposes of this case at least, it may be admitted that the clear legal duty necessary to support mandamus [Carson Reclamation District v. Vigil, 31 N. M. 402, 246 P. 907; State ex rel. Johnson v. Village of Carrizozo, 35 N. M. 597, 4 P.(2d) 922] extended only to the auditing of appellee's claim, and that the allowance or disallowance of it rested in the sound discretion of the commission, without right of review by mandamus. Comp. St. 1929, § 86-103. That is to say, if appellant commission had audited the claim, and, in the exercise of its judicial discretion, had disallowed it, the decision could not have been attacked.

■ But this is not an original proceeding in this court. It is an appeal. Our review is merely to correct error in the judgment; such error only as, according to established practice, is available on review. And so we must inquire whether appellant commission is in a position to urge its single proposition.

The law being as we have assumed, it is doubtful if the alternative writ was good. It assumed a legal duty to allow the claim upon the facts stated. It should have been based upon the legal duty to audit and thus to exercise the judicial discretion to allow. The writ might properly have been quashed. A motion to quash was interposed, and present-

ed, among numerous others, the point here urged. The trial judge overruled the motion on the single ground that the procedure was not authorized by statute; holding, correctly, that the points of law embraced in the motion might and should be raised in the answer. In any event, appellant commission did not see fit to stand upon the motion. It pleaded over.

■ When we come to consider appellant commission's separate answer, we find that which we think cures the defects in the alternative writ; that is to say, we find that which is persuasive that the commission failed to perform the clear legal duty to audit this claim, and that the disallowance of it is not equivalent to, and should not be deemed, an adverse finding on either question of fact before the commission; those questions being whether the expenditures had been authorized and whether the several sums claimed had been expended.

Answering allegations that appellee had been authorized to make, and had made, the expenditures, appellant commission pleaded oddly that it had "no knowledge, information or record" thereof, and so denied those allegations "for the purpose of proof." It averred that it "refused to approve relator's claim or issue a voucher therefor until the matter was determined by a court or jury." It denied that appellant "does not have a plain, speedy and adequate remedy at law."

Then, by way of new matter, appellant commission, among other things, pleaded:

"1. That the records and minutes of the State Tax Commission do not show in the appointment of said relator any contract to pay relator any other sum in excess of $2400.-00 per year.

"2. That the respondents, Byron O. Beall, Juan N. Vigil and Prager Miller, are not bound by any verbal statements made by the former State Tax Commission or any members thereof.

"3. That the payment of any sum by the State Tax Commission other than provided by law, upon the verbal statement of an individual would be illegal and void.

"4. That the relator has a speedy and adequate remedy at law.

"5. That the respondents, Byron O. Beall, Juan N. Vigil and Prager Miller, in this matter before the Court cannot be compelled by mandamus to pay relator's claim until a court of competent jurisdiction has adjudicated the claim."

Thus is made plain the real basis of the commission's action. It seems, first, not to have understood that it and it alone possessed the power to allow the claim as a matter of judicial discretion. It took the position that a court and jury must liquidate it before its allowance could be compelled. It took the position that some remedy other than mandamus was open to appellee, either before or after the disallowance of the claim. It seems, second, and perhaps more important, to have considered that the lack of a minute entry of an authorization was fatal to the claim.

These conclusions as to the grounds upon which the commission acted find support in its records, showing: "The bill was refused, except fees for January, there being no authority to pay any other bills or any other expenses."

These positions are clearly untenable. Appellee had no recourse except to the commission for an audit of her claim. If it would have been "illegal and void" to have allowed the claim upon the commission's records, it makes no effort to maintain that position here. We should no doubt assume that the law is otherwise. State ex rel. Stephens v. State Corporation Commission, 25 N. M. 32, 176 P. 866. But, if we were to assume that a claim by a delinquent tax collector for expenditures is utterly dependent, as matter of law, upon record evidence of previous authorization, we fail to find in the present record the deficiency to which the commission seems to have attached such importance.

It is an admitted fact that the record adequately showed the employment of C. B. Thompson at the salary and with the expense allowances here claimed by appellee. Then the record shows this: "The Commission now meets pursuant to adjournment for the consideration of such business as might come before it. In the matter of the resignation of C. B. Thompson and appointment of Anna H. Thompson delinquent tax collector of Sandoval and Valencia Counties; Mr. C. B. Thompson Delinquent Tax Collector for Sandoval and Valencia Counties having heretofore submitted his resignation as such Delinquent Tax Collector, it is ordered that the same be accepted and effective on the qualification of his successor in office; and the Commission having before it the application of Anna H. Thompson for appointment as Delinquent Tax Collector, therefore it is ordered that the said Anna H. Thompson be and she hereby is appointed Delinquent Tax Collector of Sandoval and Valencia Counties, said appointment to be effective on her qualifying by filing an oath of office and surety bond in the sum of three thousand dollars."

This record may not be conclusive. To our minds, however, it is prima facie evidence that appellee was simply to step into the shoes of C. B. Thompson. There was a novation by which appellee became the employee of the commission, a contracting party with it, in the stead of Mr. Thompson. This record was clearly intended to represent a contract. It refers expressly to the existing contract. If the terms of the old contract were not continued, the new contract is entirely silent as to compensation. The commission approved the salary of $200 per month. In so doing it must have relied upon the original contract as controlling. The statute fixes no salary, merely a maximum. Comp. St. 1929 § 141-703.

So we conclude that this is a plain case of refusal to perform a clear statutory duty; not a duty necessarily to allow the claim; a duty to audit it. It is a case warranting mandamus to compel performance of it. If the case were original in this court, we should command the commission to audit the claim

in accordance with its duty as herein set forth. The judgment of the district court goes further. It requires approval of the claim. No objection is here urged that the judgment is too sweeping. The contention is that appellee was entitled to no remedy whatever. The facts have been tried and the record supports the judgment rendered. If the trial court went too far in "liquidating" the claim, it is an error to which appellant commission invited it. Well-known principles of appellate procedure forbid that we should remodel the judgment, of our own motion, to correct an error not pointed out in either court.

In State ex rel. Garcia v. Board of Commissioners, 22 N. M. 562, 166 P. 906, 1 A. L. R. 720, on principles here recognized, the judgment was at least too sweeping, in that it required payment of the amount claimed. The objection to such control of the "judgment and discretion" of the board of county commissioners not having been made until the second appeal, the judgment was affirmed on the doctrine of "law of the case." That doctrine of appellate procedure is no more firmly established and of little, if any, more importance than the principle that a judgment will not be reversed for error not pointed out below or claimed here.

The judgment will accordingly be affirmed and the cause remanded. It is so ordered.

BICKLEY, C. J., and WATSON, SADLER, and HUDSPETH, JJ., concur.