121 P.2d 147

**FEDERAL LAND BANK OF WICHITA v. BECK et ux.**

No. 4638.

Supreme Court of New Mexico.

Jan. 14, 1942.

A. J. Krehbiel, of Clayton, for appellants.

D. A. Paddock, of Clayton, and W. E. Pepperell, Conrad L. Ball, J. P. Flinn, and Edward H. Jamison, all of Wichita, Kan., for appellee.

BRICE, Chief Justice.

This action was brought by appellee to recover possession of certain real estate and for damages for the retention thereof. It is not a statutory action in ejectment. The jury returned a verdict in favor of the appellee and assessed its damages at the sum of $85.

On July 7th, 1937, the appellee by written contract sold, and agreed conditionally to convey, to appellant John L. Beck 1,200 acres of land for an agreed consideration of $3,600, to be paid as follows: $50 upon execution of the contract, the receipt of which was acknowledged; $550

upon approval of title, and the balance in fifteen annual payments of $200 each bearing interest at the rate of five percent per annum until paid. Conveyance was to be made when and if the full consideration was paid. It was provided in the contract that failure of Beck to make any payment when due, or if he breached any covenant or condition of the contract that appellee could, at its option, declare the contract void, in which event "interest payments and other sums paid by part(y-ies) of the second part, or other persons, to party of the first part, as provided in said agreement, shall be held and retained by party of the first part, and said sums, together with whatever payments of taxes or other assessments that may have been made by party of the second part shall be considered as liquidated damages for the breach of said agreement by party of the second part, it being mutually agreed by and between the parties that such sums shall constitute fair and adequate compensation for the damages sustained by party of the first part by reason of the breach of said agreement and for the use and occupancy of said premises by party of the second part under the terms of this agreement."

Time was made the essence of the contract.

The appellants having (allegedly) breached the conditions and covenants of the contract, the appellee, on April 8, 1939, elected to cancel it and to retain the payments ($150) made thereon, as liquidated damages.

The defense seems to be that appellee by its acts was estopped to declare a forfeiture, and had waived its right to cancel the contract and to forfeit payments made, because of its failure to enforce strictly the provisions authorizing such cancellation and forfeiture, and for other reasons unnecessary to state here.

All assignments of error are based upon rulings of the court made in the progress of the trial. The sufficiency of the evidence to support the judgment is not questioned thereby.

██ The court did not err in denying the appellants' motion for a continuance. The appellee admitted that the witness Koger, on account of whose absence the motion for continuance was urged, if present would testify to the alleged facts stated in the motion. This complies with the statute, § 105-2405, N.M.Sts.1929. It is stated under this assignment of error that the court denied appellants the right to introduce a portion of such statement. But this action of the trial court is not assigned as error and cannot be considered by us. Supreme Court Rule 12. State Tax Comm. v. Santa Teresa Land Co., 30 N.M. 298, 233 P. 839; Williams v. Kemp, 33 N.M. 593, 273 P. 12.

██ We are unable to determine whether the trial court erred in overruling appellants' challenge of juror Arelleno for cause, as the voir dire examination is not in the record. A statement is made in a note by the court reporter to the effect that the juror had testified he owned stock in

appellee corporation, but the conclusion of the court reporter is not sufficient. The voir dire examination should have been brought to this court as a part of the bill of exceptions.

■ It is asserted that the trial court erred in refusing to permit appellants to fully cross examine appellee's witness Van Pelt upon "the extent of his authority to represent plaintiff (appellee)." Upon examination of the record we do not find that the court limited the cross examination of the witness. It sustained objections to numerous questions, but no error is assigned on that account. There is no basis for this assignment.

It is asserted that the court erred in refusing to give to the jury five separate requested instructions regarding the agency for appellee of the witness Van Pelt. The only evidence we find in a search of the record that tends to establish Van Pelt as an agent of the appellee for any purpose was his testimony to the effect that he was authorized to make collections from appellants of installments due on the real estate contract, and that appellee paid him a salary. We do not find any evidence that Van Pelt was an agent of the appellee for any other purpose.

■■ It is not shown by any argument or presentation of facts under this assignment that Van Pelt's authority as agent for this purpose was material to a decision. It is stated that appellants "were misled to their detriment by the representations made by Van Pelt regarding the attitude of ap-

pellee upon the matter of granting extensions," but in what way and by what representations, appellants were misled to their injury by Van Pelt acting as appellee's agent, does not appear in their brief. In the absence of a statement of the substance of such testimony, with a reference to the record where it can be found, we are not authorized to review it, and therefore are unable to decide whether there was a basis for giving the requested instructions. But, disregarding the rule, we have read the testimony and find in it no basis for the requested instructions. There is no testimony that would indicate that Van Pelt at any time made any representations, assuming to act for appellee, that could have misled the appellants. His part in the transaction was a mediary who sent, received and communicated to the respective parties the messages each sent to the other. His efforts were entirely in behalf of appellants.

■ The trial court did not err in refusing to submit to the jury for answer four certain interrogatories requested by appellants. The appellants cite no testimony which would be a basis for answers, and we have found none after a careful reading of the record.

It is next urged that "the trial court erred in failing to instruct the jury fully and clearly upon the theory of estoppel as pleaded by defendants (appellants) and as developed in the trial."

The estoppel pleaded is as follows: "* * * That defendants admit it is provided in said contract that time is of the

essence thereof, but allege that because plaintiff, both by express agreement and impliedly from its acts, waived said provision of said contract, plaintiff is now estopped to assert the right to cancel said contract or forfeit defendant's rights thereunder without first having given defendants notice of its intention to regard time as of the essence of said contract."

The authority of the Supreme Court is limited to the correction of errors of the district court, State ex rel. Thompson v. Beall, 37 N.M. 72, 18 P.2d 249, and the burden rests upon the appellants to establish their right to a reversal of their case, with every reasonable presumption in favor of the correctness of the district court's judgment and the proceedings in that court. In re Hay's Guardianship, 37 N.M. 55, 17 P.2d 943; James v. Anderson, 39 N.M. 535, 51 P.2d 601. Except in cases in which the jurisdiction of the district court or supreme court is called in question, and some others not appearing here (Williams v. Kemp, supra), the question to be reviewed in the Supreme Court must first be reserved in the trial court, supported here by an assignment of error and presented by point, argument and authorities. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99; Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788.

Under the heading quoted it is argued that the trial court's instruction No. 10 was an abstract proposition of the law of estoppel, and made no application of the facts thereto. There is justification for this contention, but no objection was made to the giving of instruction No. 10. Indeed it is asserted by appellee and not denied by appellants that the latter requested the court to give that instruction. The error is waived by failure to object or to assign error as a basis for a review here.

It is further argued under this heading that the trial court erred in refusing to give to the jury on the same subject, appellants' requested instructions numbers 3, 4 and 7. The questions were reserved below and assigned as error, and are disposed of as follows:

Requested instruction number 3 was correctly refused because it was an abstract statement of the law without application to the alleged waiver, or evidence.

Requested instruction number 4 as appellants assert "was taken verbatim from the definition of the 'essential elements of an equitable estoppel,' as stated in Chambers v. Bessent, 17 N.M. 487, 134 P. 237 [239]." After the statement of abstract law copied from the Chambers case the requested instruction closed as follows: "You will apply this test of estoppel to the facts in evidence before you in determining whether plaintiff misled defendants and defendants relied thereon and were misled thereby to their detriment. If you find from the evidence facts by reason of which plaintiff is estopped to assert the right to forfeit, you will find for defendants upon plaintiff's alleged cause of action."

There are several reasons why the trial court did not err in refusing to give this instruction to the jury. The essentials of estoppel stated in the Chambers case had reference to "Conduct—acts, language or silence—amounting to a representation or concealment of material facts" known to the party estopped and unknown to the party claiming the benefit of estoppel. In other words it was a case of estoppel in pais, the essentials of which do not all apply to the waiver of a right to enforce strictly the terms of a contract for the sale of real estate. Such waiver occurs when the seller deals with the purchaser in a way that ordinarily would, and does, convince the purchaser that notwithstanding his default in payment the seller regards his rights as subsisting. In such case the seller cannot without notice and the allowance of a reasonable time in which to perform by the buyer, declare a forfeiture, notwithstanding a provision making time of the essence of the contract. Carroll v. Mundy & Scott, 185 Iowa 527, 170 N.W. 790, 4 A.L.R. 811; Johnson v. Feskens, 146 Or. 657, 31 P.2d 667, 107 A.L.R. 340, and annotations at pages 345 et seq; Zadigian v. Gard, 223 Mich. 147, 193 N.W. 783.

Also no application is made of the particular facts which it is alleged constituted waiver. The requested instruction calls upon the jury to search the testimony for facts which, without reference to the estoppel pleaded, in its judgment would constitute an estoppel as defined in the Chambers Case. It was the trial court's duty to submit to the jury the question of whether the alleged facts constituting the defense of waiver as pleaded, had been proved by a preponderance of the evidence, if there was substantial evidence from which the jury was authorized to so find. The court gave no such instruction and none was requested. The trial court did not err in refusing to give the requested instructions.

Requested instruction number 7 merely states the claims of defendant regarding waiver.

It states in substance that appellants claim that appellee "extended said contract" and thereby waived strict performance, and could not enforce a forfeiture without reasonable notice of an intention to do so; that appellants did not know that appellee was relying on "the technical language of the contract," and were thereby misled to their injury.

The fact that such was the claim of the appellants, without an application of the law of waiver to the asserted facts with instructions to the jury regarding its duty to return a verdict in harmony with the facts as found by it, would be confusing and unauthorized. The trial court did not err in refusing to give to the jury the requested instructions.

It is asserted that the trial court erred in refusing to give to the jury the following requested instructions: "You are further instructed that courts never favor a forfeiture, and that very slight evidence will

suffice to support a finding that a waiver of the right of forfeiture has occurred."

 This requested instruction is misleading as "very slight evidence" may or may not be substantial, as in any event the evidence must be substantial.

Appellants' point 8 is as follows: "The court erred in refusing to give defendants' requested instruction No. 9 informing the jury of the rules to be considered and applied in determining the materiality in delay of performance."

Instruction number 9 was a literal copy of section 276 Restatement of the Law of Contracts, and contains the several rules "In determining the materiality of delay in the performance" of contracts generally; not only those applying to real estate contracts, but to mercantile and other contracts. These abstract rules of law do not all have application to waiver of rights regarding real estate contracts. Also like other requests for instructions, no application of the law is made to the waiver pleaded or to the duty of the jury to weigh the evidence and determine the question of whether in fact appellee waived its right to a strict performance.

Appellants' point 9 is as follows: "The court erred in refusing to permit defend-ants to testify in support of the allegations of their cross complaint."

If the trial court did so err the question has not been argued under the point, unless the following could be said to be an argument: "The defendants were likewise entitled to have submitted to the jury the issues of their cross complaint wherein they sought personal judgment against plaintiff by reason of damages caused by its attempted cancellation without first having given a reasonable notice or demand for strict compliance."

If the court erred as stated, then the record is not cited in proof thereof, nor are any reasons given why appellants were "entitled to have submitted to the jury the issues of the cross complaint"; nor were any instructions requested upon this theory, the refusal of which were assigned as error.

 We are unable to say whether the court refused to permit appellants to introduce such testimony or whether it was error to do so if it did, because the matter is not presented to us in appellants' brief. Robinson v. Mittry Bros., supra.

The judgment of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICK-LEY, JJ., concur.