466 P.2d 903

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Tobias J. ORTEGA, Defendant-Appellant.**

No. 388.

Court of Appeals of New Mexico.

Feb. 27, 1970.

Certiorari Denied March 23, 1970.

Bob Barberousse, Santa Fe, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Jesse F. Bingaman, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

The trial court, after hearing, denied defendant's motion for post-conviction relief, under § 21–1–1(93), N.M.S.A.1953, and he appeals. Defendant's conviction of first degree murder and his co-defendant's conviction of second degree murder were affirmed in State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966). The denial of his co-defendant's motion for post-conviction relief was affirmed in Patterson v. State, 465 P.2d 93, decided January 9, 1970.

Defendant states eight grounds for reversal.

We affirm.

*Issues previously adjudicated.*

■■■■Defendant asserts that his constitutional right to due process was violated by (a) the introduction of his oral and written confession, and (b) not being represented by counsel nor advised of his constitutional rights at the juvenile hearing. These two issues have already been reviewed and found without merit. State v. Ortega, supra. In a motion for post-conviction relief, one is not entitled to successive determination on the merits of issues previously reviewed. Patterson v. State, supra.

*Issues discussed elsewhere.*

Defendant raises three points which were raised by his co-defendant in Patterson v. State, supra. These are (a) failure to appoint separate counsel at trial; (b) comment on defendant's failure to take the witness stand; and (c) prejudicial news release. The facts and the findings being the same, the reasoning in Patterson v. State, supra, is dispositive.

*Other Issues.*

Defendant states that his constitutional right to due process was violated by the following:

■■ (a) The witnesses for the State were all sworn at the same time and were required to take an oath. The record does not support the allegation that all the witnesses were sworn at the same time. Neither does the record show any objection made by the defendant. Even if the facts were as defendant alleges he has not shown how he was prejudiced. Not having shown prejudice we fail to see his contention forming a basis for post-conviction relief. Patterson v. State, supra. As to the requirement of taking an oath, defendant's original motion seems to attack the words, "SO HELP ME GOD." Without commenting on the propriety of those words we fail to find in what way defendant could have been prejudiced by them. Neither did defendant make an objection. See State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963).

■■ (b) Defendant was not afforded an interpreter throughout the proceedings. The trial court's unattacked finding is that: "Neither the record nor the evidence presented shows a request made, nor a need showing, or a denial of, the services of an interpreter." This is a fact on review. Patterson v. State, supra. As a fact it does not show prejudice. Not being prejudiced, defendant is not entitled to post-conviction relief. Patterson v. State, supra.

(c) The court re-opened the trial to permit testimony of an alleged escape. The record of the original trial does not support that assertion. Accordingly, it does not provide a basis for post-conviction relief. Patterson v. State, supra.

We have considered defendant's other arguments and authorities and find nothing in them to cause us to conclude any differently.

The order denying post-conviction relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.