487 P.2d 139

### STATE of New Mexico, Plaintiff-Appellee,

v.

### Donald A. DEATS, Defendant-Appellant.

### No. 587.

Court of Appeals of New Mexico.

June 18, 1971.

William H. Carpenter, Mercer & Carpenter, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ray Shollenbarger, Sp. Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

Defendant was charged with, and on insistence of his defense counsel tried simultaneously on nine counts involving conspiracy, burglary, and larceny. He was acquitted by a directed verdict on one count of larceny but was convicted on each of the other counts. He was sentenced to serve a term of one to five years on each count, which terms are to run consecutively.

Defendant appeals asserting nine points for reversal. We affirm.

## 1. THE RIGHT TO ASSISTANCE OF COUNSEL.

Under this point defendant claims error by the court in allowing his counsel to withdraw without notice which is contrary to the statute and rule of the court; in denial of his motion for a two-week continuance; and that prejudice is presumed when a defendant obtains counsel one day prior to trial.

The record indicates that at arraignment on May 1, 1968 defendant was represented by Fred Calkins, an attorney retained by him. Defendant was then out on bond. On February 28, 1969, his attorney filed a motion to withdraw as counsel and the court allowed this withdrawal. Defendant claims that his approval was needed for this withdrawal.

District Court Rule 89 (1) (2) [Section 21-1-1(89) 1 (2), N.M.S.A.1953 (Repl. Vol. 1970)] provides that an attorney may be changed as follows:

"(2) Upon order of the court and upon such terms as may be just upon application of the attorney or of the client. The court may require such notice as it may consider appropriate under the circumstances of the particular case. * * *"

Supreme Court Rule 19(4) (2) [§ 21-2-1 (19) (4) (2) is identical with District Court Rule 89(1) (2). Section 18-1-13, N.M. S.A.1953 (Repl.Vol.1970) although worded somewhat differently is conceded by counsel to be similar to Rule 89.

This section does not require notice to or consent of the client. The plain meaning of the rule is that notice and consent are discretionary with the court.

Defendant's claim is that retained counsel should not be allowed to withdraw without some provision being made for substitute counsel. Even if this be the case we fail to see how defendant was prejudiced because he proceeded on the assumption that attorney Woolston was representing him and in fact Woolston did prepare an affidavit of disqualification for defendant. The procedure in allowing attorney, Calkins to withdraw, even if erroneous, which is not decided, was harmless. Compare State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969).

For over one month, during which time he was free on bond, defendant did nothing to obtain counsel. The day before trial defendant went in person to the trial judge to ask for a continuance to arrange for counsel. The judge called the Assistant D. A. and in his presence informed the defendant that he would appoint counsel for him but that he would be held in jail while

his appointed counsel prepared for trial. This was not suitable to the defendant. He went out and made arrangements with attorney Les. Houston who defended him at trial the following day. At trial defendant moved for a continuance. The court ruled that out-of-state witnesses were brought in and that a continuance would be granted only if defendant paid for the cost to the State for such witnesses. The court also ruled that in the event of a continuance the bond on defendant would be revoked. These terms of the continuance were not agreeable to the defendant and the court denied the motion.

Defendant claims a right to "prepared" counsel. He asserts the trial court denied him this right by the terms the trial court attached to the continuance. We disagree since the record shows any lack of preparedness on the part of Mr. Houston was due to defendant's dilatoriness. Compare State v. Gutierrez, 82 N.M. 578, 484 P.2d 1288 (Ct.App.) decided April 16, 1971.

■ The granting of a motion for continuance lies in the sound discretion of the trial court and the denial of such a motion will not be deemed error unless there is a clear abuse of discretion. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968). In the circumstances of this case we cannot say that the trial judge abused its discretion.

Defendant has failed to indicate in what way he was prejudiced at trial and we are not persuaded by his claim that prejudice is to be presumed under these circumstances. A review of the record shows that the circumstances upon which he bases his claim can only indicate that the defendant alone was responsible for whatever transpired.

■ Finally, we refuse to adopt the basic premise on which this first point is predicated. At oral argument counsel for defendant contended that the defendant had no obligation to make any effort to obtain counsel; that under the Sixth Amendment of the U. S. Constitution he had an absolute right and the burden was on the court to see that he be provided with counsel. Defendant does have a right to be represented by counsel, but the trial court had no obligation to provide defendant with counsel prior to any claim of indigency, and here no such claim was made. Rather the counsel who represented defendant, whether Calkins, Woolston or Houston, were retained counsel. The right to counsel does not mean the trial court has an obligation to seek out retained counsel for a defendant. Compare State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966).

## 2. INSTRUCTION CAUTIONING THE JURY ON THE STATEMENT OF AN ACCOMPLICE.

Defendant contends that the trial court erred in declining to give his requested instruction No. 9 relating to the weight to be accorded the testimony of an accomplice.

Defendant, in fact, tendered two instructions, both having the effect of limiting the weight to be given testimony of an accomplice. Instruction No. 9 stated, in effect, that the testimony of an accomplice should be weighed with great care and accepted with caution. The other requested instruction imposed the requirement that the testimony of the accomplice be corroborated.

The trial court gave the instruction relating to corroboration but declined to give defendant's requested instruction No. 9. The instruction given, although erroneous (State v. Turnbow, 67 N.M. 241, 354 P.2d 533 (1960)) was tendered by defendant, is not challenged here, nor a subject of review. We note that the effect of the instruction which was given placed a greater burden upon the prosecution. State v. Gutierrez, 75 N.M. 580, 408 P.2d 503 (1965).

■ In our view, reversible error cannot be predicated upon the refusal of the trial court to give instruction No. 9 because the giving of it, together with the instruction relating to corroboration, would have unduly emphasized the weight to be accorded the testimony of an accomplice.

See Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966).

In our view, the instructions, when considered as a whole, fully and fairly placed the case before the jury.

### 3. CHALLENGE TO THE JURY ARRAY.

On the morning of trial defendant made a motion to quash the jury array. The court ruled that the motion was not timely. On appeal the State conceded that the motion was timely under § 19–1–16, N.M.S.A. 1953 (Repl.Vol.1970); but adds that the motion was otherwise defective. We agree.

█ Defendant made no claims that the jury array was defective or was in any way not selected and qualified according to law. At best defendant's motion appears to be a fishing expedition. He appears to be asking the court to find out whether or not the selection of jury array was proper. No allegation of impropriety was made, no grounds were stated except that the statute permits a challenge; no witnesses were subpoenaed; and no offer of proof was made when the motion was denied. In effect when the court was asked to determine whether the array was selected according to law the trial judge ruled:

"* * * I very carefully went up there and read the statute and had a representative of the Sheriff's department, called Manuel Armijo from the bank, had the jury commissioners; we followed the new Chapter 222, Laws of 1969. * * *"

Although the court might have been incorrect in ruling as to timeliness, nevertheless the court was correct in denying the motion. Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969); compare Eslinger v. Henderson, 80 N.M. 479, 457 P.2d 998 (Ct.App. 1969). In light of the court's explanation and in the absence of any testimony or tender to the contrary, we see no need for a hearing and cannot predicate error on a silent record.

### 4. MOTION FOR MISTRIAL BECAUSE OF A SICK JUROR.

█ One of the jurors was reported sick. Defendant moved for a mistrial on the grounds that the sick juror could not be attentive while sick. The court, on the other hand, had reasons to believe otherwise as is demonstrated by its ruling:

"[I]n view of the assurance from Mr. Smith [the sick juror] that he is going to keep the Court informed and if any problems arise we will be alerted."

Defendant does not challenge the validity of that determination; neither does he claim that it was not followed. Unless defendant specifies wherein he was prejudiced we must presume that the proceedings below are proper. In re Hay's Guardianship, 37 N.M. 55, 17 P.2d 943 (1932). The absence of any allegation, much less proof, of prejudice is dispositive of this issue. See State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967).

### 5. THE CHARGES AGAINST THE DEFENDANT AND THE CONVICTION AND SENTENCING ON EACH CHARGE CONSECUTIVELY CONSTITUTE DOUBLE JEOPARDY AND DOUBLE PUNISHMENT.

█ Defendant's contention concerns larceny and burglary; he does not complain about the conspiracy charge. All consecutive sentences for different offenses arising out of the same event do not necessarily violate the double jeopardy prohibition of the U. S. and New Mexico Constitutions. Defendant cites State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961) for the proposition that burglary and larceny arising out of the same event constitutes double jeopardy. We disagree. That decision states that larceny and robbery merge when they arise out of the same event. Burglary is not like robbery. Burglary is not necessarily involved with other crimes committed while the burglar is in the burglarized building. Whether a defendant may be sentenced for each crime

arising out of the same transaction depends on whether the crimes have merged; and the test of merger is whether one crime necessarily involves the other. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969); State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969). There is no merger when an accused is charged with both burglary and larceny though the charges stem from one transaction or event. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Ford, ·81 N.M. 556, 469 P.2d 535 (Ct.App.1970).

### 6. CONSECUTIVE RATHER THAN CONCURRENT SENTENCES.

As was shown above, consecutive sentences for crimes arising out of the same event are permitted unless there has been a merger. This point questions the validity of consecutive sentences for crimes which arose out of different events but which were tried simultaneously at one trial. Defendant urges that the jury verdict on each count carries sentence that should commence on the date of the verdict; that providing that sentence is to commence years after the verdict is to tamper with the verdict to the prejudice of defendant.

We see no merit to this contention. The bringing in of a guilty verdict is an altogether different matter from the imposition of sentence, which is governed by specific provisions. See Sections beginning with § 40A–29–1, N.M.S.A. 1953 (Repl.Vol.1964). A sentencing judge has discretion in determining whether sentences are to run consecutively or concurrently. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965); Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793 (1955). His discretion in this area will not be interfered with unless he has violated one of the sentencing statutes. State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967).

### 7. BIAS AND PREJUDICE OF TRIAL COURT.

Under this point defendant points to a $20,000.00 appeal bond which he claims is excessive. Relief on this ground is not appropriately sought in arguments on the merits on appeal. Compare State v. Lucero, 81 N.M. 578, 469 P.2d 727 (Ct.App.1970). However, if defendant is contending that the amount of bail indicates the bias of the judge at trial, his contention does not show that he is entitled to reversal. He has not pointed to any particulars where because of bias or prejudice he did not have a fair trial or was harmed in any way at trial. There is a presumption of rectitude and regularity in proceedings below. First State Bank of Alamogordo v. McNew, 32 N.M. 225, 252 P. 997 (1927); In re Hay's Guardianship, supra.

Defendant contends, in addition, that comments by the trial judge at sentencing bolster his contention that the trial judge was biased against him. We have previously discussed the legality of the sentences and concluded that the trial judge did not abuse his discretion.

### 8. JURORS AND WITNESSES AFFIRMING THEIR FAITH IN GOD.

Defendant's contention is that by requiring an oath by witnesses and jurors, the State "openly fostered religion." As was discussed above a claimed error without any showing that the defendant was affected thereby is at best a specie of harmless error. But in addition to the failure to show prejudice, defendant made no objections in the lower court. This issue was therefore not preserved for review. State v. Ortega, 81 N.M. 337, 466 P.2d 903 (Ct.App.1970).

Defendant's ninth point regarding the failure of his attorney to introduce articles and material on adverse pre-trial publicity was abandoned on oral argument as being contrary to the record.

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.