488 P.2d 125

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Joe Paul BELCHER, Defendant-Appellant.**
**No. 668.**

Court of Appeals of New Mexico.
Aug. 6, 1971.

———————

J. Lee Cathey, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ethan K. Stevens, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

Convicted of forgery, Defendant appeals. His sole point on appeal is that the trial court abused its discretion in not granting a motion for continuance.

We affirm.

The motion was filed four days prior to trial and recited that it was necessary to obtain subpoenas for two out-of-state witnesses, who did not testify, and one in-state witness, who did testify at trial.

At the hearing on the motion the following facts emerged. Counsel was appointed on August 31, 1970, and talked to defend-

ant about witnesses. No witnesses were named. On December 7, 1970, after notice of a trial setting for December 14, 1970, appointed counsel again consulted defendant. Again, defendant made no mention of witnesses. On December 9, 1970, appointed counsel received a letter from defendant relating to witnesses. This appears to be the first time defendant mentioned witnesses to his counsel. A motion for continuance was filed on December 10, 1970.

During trial the jury was informed of what the two absent witnesses would have testified to if they had been present and that the jury was to "take as true" what this testimony would have been. Sec. 21-8-11, N.M.S.A.1953 (Repl.Vol.1970). Defendant asserts this procedure, in accordance with Sec. 21-8-11, supra, does not dispose of the asserted error in denying a continuance, because he was prejudiced by the absence of "live" witnesses. Compare State v. Garcia, 82 N.M. 482 (Ct.App.), 483 P.2d 1322, decided April 2, 1971.

The granting or denying of a motion for continuance, based on the absence of a defense witness, rests in the sound discretion of the trial court and will not be interferred with except for abuse. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968); State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

The record does not disclose an abuse of discretion by the trial court. The record does, however, show a lack of concern and diligence by the defendant in failing to notify his attorney of the witnesses, one of whom was his wife. Defendant will not be heard now to complain. See State v. Deats, 82 N.M. 711 (Ct.App.), 487 P.2d 139, decided June 18, 1971; State v. Gutierrez, 82 N.M. 578, 484 P.2d 1288 (Ct.App.1971).

Affirmed.

It is so ordered.

WOOD and SUTIN, JJ., concur.