489 P.2d 410

**STATE of New Mexico, Plaintiff-Appellee**
**v.**
**Joe Paul BELCHER, Defendant-Appellant.**
**No. 737.**

Court of Appeals of New Mexico.
Sept. 17, 1971.

Charles A. Feezer, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ronald Van Amberg, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of forgery, § 40A–16–9, N.M. S.A.1953 (Repl.Vol. 6), defendant appeals. A related case is State v. Belcher, 83 N.M. 75, 488 P.2d 125 (Ct.App.), No. 668, decided August 6, 1971. The issues in this appeal concern: (1) venue and (2) admission of certain exhibits as evidence.

*Venue.*

■ Defendant moved for a change of venue, relying entirely on copies of four newspaper articles. The trial court ruled the articles, in themselves, were insufficient to require a change of venue. We agree. State v. Foster, 82 N.M. 573, 484 P.2d 1283 (Ct.App.1971) and cases therein cited.

*Exhibits.*

(a) Money.

■ Prior to trial, defendant moved to suppress a sum of money as evidence. The motion was denied. At trial, the money was admitted as evidence over defendant's objection. Defendant. claims these rulings were error.

An envelope was identified as containing a certain sum of money. Defendant claims error because the envelope was "never opened or examined by the jury." As to this, the trial court stated that if defendant " * * * is requesting that we verify the contents of the envelope, this will be done.

* * *" This offer by the trial court was declined.

Defendant claims that this money was not connected up "as fruit of the crime" and was not "circumstantially connected with the offense with which the defendant is charged." We agree there is no direct evidence that the money was a "fruit of the crime," but that did not make the money inadmissible. See State v. Gray, 79 N. M. 424, 444 P.2d 609 (Ct.App.1968) as to reasons for admitting exhibits.

One reason for admitting an exhibit is to illustrate, explain or throw light on a criminal transaction. State v. Gray, supra. Here, the money filled that rule. There is evidence that defendant cashed forged checks at two businesses, within a short period of time. At one place he purchased a pint of whiskey, paid with a forged check for $60.00 and received the change. At the second place, he purchased a carton of cigarettes, paid with a forged check for $63.00 (the basis of this prosecution) and received the change. The amount of money in defendant's possession, when arrested a short distance and in a short period of time after cashing the second check, certainly tends to throw light on the transaction. The possession of the money, considered with the time and distance factors involved, circumstantially connected defendant with the criminal offense. See State v. Santillanes, 81 N.M. 185, 464 P.2d 915 (Ct.App.1970); compare State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969).

(b) Red plastic wallet.

■ A red plastic wallet, identified by witnesses as belonging to defendant, was admitted into evidence. Among its contents was an identification card bearing the name of the payee named in the forged checks. The wallet was found "around the corner" from the business where the $63.00 forged check was cashed.

Defendant asserts that the wallet should not have been admitted because of the

weakness in the proof of the chain of custody of the wallet after it was found.

We agree that the evidence is weak, both as to who had physical possession and as to whether the contents were in the same condition at trial as when found. However, the witness who found the wallet testified that he was satisfied "[t]hat it is the same now as it was then."

Defendant's argument is based on the possibility of changes in the wallet and its contents. Doubt concerning the exhibit would go to the weight to be accorded the exhibit, but such doubt did not render the exhibit inadmissible. State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970); see State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L.R. 1368 (1933).

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and COWAN, JJ., concur.