629 P.2d 1017

**The STATE of Arizona, Appellee,**

v.

**Alexis Carrol SKELTON, Appellant.**

**No. 2 CA–CR 2247.**

Court of Appeals of Arizona,
Division 2.

April 22, 1981.

Rehearing Denied May 20, 1981.

Review Denied June 16, 1981.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender, by Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of armed robbery, a class two felony, and the dangerous nature allegation was found to be true. He was sentenced to seven years' imprisonment, the minimum term.

On appeal, appellant raises four issues for our consideration: (1) That the prosecutor's closing argument was improper, prejudicial and denied him a fair trial; (2) that the court committed error in admitting certain money into evidence without testimony from the victim that it was his; (3) that eyewitness identifications of appellant were unreliable and the result of an unduly suggestive procedure, and (4) that appellant's arrest was in violation of his Fourth and Fourteenth Amendment rights. We affirm.

The facts viewed in the light most favorable to sustaining the verdict are as follows. On February 13, 1980, Kenneth Schachter, the owner of a used car lot in Tucson, waited on a man, later identified as appellant, who was interested in buying a car. After looking at the car, they both went into the office to discuss terms, at which time appellant pulled out a knife and made Schachter empty his pockets and wallet of cash. After he left Schachter went outside and told the mechanic what had happened and to try to catch the thief. Schachter then called the police.

An officer in a patrol car in the area saw appellant changing his clothes in the rain near a bus stop. The mechanic, James Lyons, drove around the area and saw a man he believed to be appellant with two other men on a bus. Lyons returned to the lot and told the police, who subsequently stopped the bus on which the three men were riding. When appellant was arrested, he did not have a knife although one of his companions did. He was carrying over $1,700 in cash in his pocket; the victim estimated he had between $1,500 and $2,200 on his person before he was robbed.

Appellant first claims that the prosecutor improperly argued to the jury that the knife seized from one of his companions may have been the one used during the robbery, in spite of the victim's testimony that it appeared smaller than the knife used during the robbery. As no proper objection was raised at trial, the issue cannot now be considered on appeal.

Appellant next claims that error was committed when the court admitted into evidence the folded money found on appellant without testimony from the victim that the money was his. He claims that the money was insufficiently identified so as to connect him with the offense for which he was charged. We do not agree. When money is found in the possession of the defendant, it is unnecessary to identify the money as having been the bills which had formerly been in the possession of the victim of the crime. See 1 Wharton's Criminal Evidence (13th Ed.) Sec. 212 at 444.

We think the reasoning in *State v. Belcher*, 83 N.M. 130, 489 P.2d 410 (App. 1971) is also instructive on this point:

"One reason for admitting an exhibit is to illustrate, explain or throw light on a criminal transaction. *State v. Gray*, supra [79 N.M. 424, 444 P.2d 609 (Ct.App. 1968)]. Here, the money filled that rule. There is evidence that defendant cashed forged checks at two businesses, within a short period of time. At one place he purchased a pint of whiskey, paid with a forged check for $60.00 and received the change. At the second place, he purchased a carton of cigarettes, paid with a forged check for $63.00 (the basis of this prosecution) and received the change. The amount of money in defendant's possession, when arrested a short distance and in a short period of time after cashing the second check, certainly tends to throw light on the transaction. The possession of the money, considered with the time and distance factors involved, circumstantially connected defendant with the criminal offense. See *State v. Santillanes*, 81 N.M. 185, 464 P.2d 915 (Ct.App. 1970); compare *State v. Everitt*, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969)." 489 P.2d at 411.

In this case, there was testimony from the victim that he kept his bills folded in a particular way which was identical to the manner in which the bills were found when appellant was arrested. Furthermore, the lack of positive identification goes only to the weight and not the admissibility of the evidence. *State v. Parr*, 64 Wash.2d 921, 395 P.2d 196 (1964).

Appellant next attacks the admissibility of the out-of-court identifications made of him by the victim and the mechanic within an hour or so after the robbery. He claims the procedure was unduly suggestive because it was in the nature of a show-up. It is well established, however, that show-up identifications are not necessarily inadmissible unless other factors present would produce an unduly suggestive procedure. *State v. Gastelo*, 111 Ariz. 459, 532 P.2d 521 (1975). That was not the case here where the two witnesses were separated so they couldn't influence each other, they were told that they didn't have to pick anyone out and that the men they would view may not have been involved in the robbery at all. Both saw appellant's companion first and stated it was not him, before being shown appellant whom they were certain was the man. Appellant also claims that the victim's inability to identify appellant in court many months after the crime and the initial positive identification occurred, makes the prior identification unreliable. We do not agree. It affects only the weight to be given to the identification and not the admissibility. Cf. *State v. Myers*, 117 Ariz. 79, 570 P.2d 1252 (1977).

Appellant's final claim, that there was no probable cause to arrest him, must also fail. The record reflects ample evidence to justify his arrest including the victim's description of the thief and Lyon's statement that the thief was on the bus.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.