This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 29,901**

**KENNETH LEON MILLS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Kevin R. Sweazea, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Following a jury trial, Defendant Kenneth Mills was convicted of kidnapping, criminal sexual contact of a minor, aggravated burglary, intimidation of a witness, and three counts of criminal sexual penetration of a minor (CSPM). Defendant raises five arguments that he contends require reversal, all pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967) and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). We affirm.

**DISCUSSION**

Defendant argues that his conviction was not supported by substantial evidence, that there were errors in jury selection, that he was prejudiced when an officer stood behind him during trial, that Child's panties should not have been admitted, and that his three CSPM counts should have been merged. We address Defendant's arguments in the order they were raised, including facts throughout the opinion as necessary.

**A.      Sufficiency of the Evidence**

Defendant first argues that his convictions must be reversed because they were not supported by sufficient evidence. We note that Defendant bases this argument on a long-discredited standard requiring that the evidence exclude all reasonable doubts. *See State v. Garcia*, 2005-NMSC-017, ¶ 18, 138 N.M. 1, 116 P.3d 72 (observing that this standard has been untenable since 1984); *State v. Huber*, 2006-NMCA-087, ¶ 12, 140 N.M. 147, 140 P.3d 1096 (noting that a contention "that the evidence used to

support the conviction must be devoid of any reasonable inference of innocence. . . . has been disavowed by our Supreme Court."). Under the correct standard, Defendant's conviction was supported by substantial evidence.

> To decide whether there was sufficient evidence, we conduct the following analysis: initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt."

*State v. Trossman*, 2009-NMSC-034, ¶ 16, 146 N.M. 462, 212 P.3d 350 (alteration omitted) (internal quotation marks and citation omitted). "[I]t is well established that contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Marquez*, 2009-NMSC-055, ¶ 17, 147 N.M. 386, 223 P.3d 931 (alteration omitted) (internal quotation marks and citation omitted).

Defendant advances three arguments that he claims require us to conclude that the evidence was insufficient: (1) that the jury ignored Defendant's testimony that he was not present when the crime was committed, (2) that the jury ignored "obvious tampering with [the] evidence (panties)," and (3) that the jury incorrectly ignored a shoe print near the crime scene that was a different size than Defendant's. These arguments fail because, as we have noted above, contrary evidence does not support reversal because the jury is free to reject Defendant's version of the facts.

3

Additionally, we have reviewed the record and are in agreement with the explanation set forth by the State showing how the evidence is sufficient to support the conviction under our deferential standard of review.

**B.       Jury Selection**

Defendant makes two arguments regarding the jury: (1) that it was error for the district court to dismiss for cause a juror who had been arrested by the police witnesses in this case, and (2) that African-Americans had been systematically excluded from the jury pool.

The district court did not err in rejecting juror 4 for cause. "We review the [district] court's rulings regarding the selection of jurors for an abuse of discretion because the [district] court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility." *State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (alteration omitted) (internal quotation marks and citation omitted). "The [district] court, however, has a great deal of discretion in dismissing a juror for cause, and its decision will not be disturbed absent a manifest error or clear abuse of that discretion." *State v. Wiberg*, 107 N.M. 152, 156, 754 P.2d 529, 533 (Ct. App. 1988). Here, the juror in question acknowledged that he had been arrested by Sergeant Lopez and Detective Crockett, the police witnesses in this case. However, he stated that the arrest would not affect his decision and that he could be

4

fair. The district court determined that, because the Sergeant and the detective had been responsible for the juror's prior conviction, the juror would not be able to remain impartial. The district court was in the best position to assess the situation, and we cannot say it abused its discretion in declining to seat a juror who had been previously arrested by the police witnesses in this case.

Defendant also has not shown error in the selection of the jury pool. After the jury was selected, Defendant requested a mistrial on the basis that there had been no African-Americans in the jury pool. His request was denied.

> In order to show a prima facie violation of the fair cross-section requirement, a defendant must demonstrate that (1) the group alleged to be excluded is a "distinctive" group in the community, (2) the group's representation in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) this under-representation results from the systematic exclusion of the group in the jury-selection process.

*State v. Casillas*, 2009-NMCA-034, ¶ 13, 145 N.M. 783, 205 P.3d 830. We assume without deciding that African-Americans are a distinctive group. Even so, Defendant has not argued, either here or below, that the other two factors were met. As he has not shown a prima facie violation of the fair cross-section requirement find no error.

**C.    Position of the Officer**

Defendant argues that his due process rights were violated when an officer stood behind him while the videotaped testimony of Child was played for the jury.

5

Defendant cites to no authority to support this argument, but instead cites two California cases against it. Furthermore, Defendant's argument is limited to a single bare assertion. We do not address arguments that are not developed and are not supported by authority. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**D.     Admission of Evidence**

Defendant next contends that the district court abused its discretion by admitting Child's panties into evidence. Specifically, Defendant contends that the evidence shows that a stain appeared on the panties between the time they were taken into custody and the time they were admitted into evidence. Once again Defendant cites no authority in support of his argument, but instead points us to contrary authority. In *State v. Belcher*, 83 N.M. 130, 131-32, 489 P.2d 410, 411-12 (Ct. App. 1971), we rejected an argument that a wallet should not have been admitted because the chain of custody evidence did not preclude the possibility that the wallet had been tampered with, reasoning that concerns about tampering went to the weight, not the admissibility, of the evidence. We see no reason that *Belcher* should not apply equally in this case.

**E.      Double Jeopardy**

Defendant's final argument is that it was error for the district court to deny his request that the three CSPM charges be merged. Specifically, he contends that merger was required because the three penetrations of different orifices happened in a short period of time and without interruption. The State responds that serial penetrations of different orifices constitute different offenses, and that there were intervening acts.

In *Herron v. State*, our Supreme Court set forth six factors to evaluate the number of offenses committed during a sexual assault:

> (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims. . . .

111 N.M. 357, 361, 805 P.2d 624, 628 (1991). The Court went on to note that "[e]xcept for penetrations of separate orifices with the same object, none of these factors alone is a panacea." *Id.* at 362, 805 P.2d at 629.

Child testified to the following. Defendant put her on top of a garbage dumpster and penetrated her vaginally with his penis. Defendant then placed her on the ground and put his penis into her mouth. Defendant also at some point penetrated her anally with his penis. The evidence supports a conclusion that Defendant serially

7

penetrated three of Child's orifices with his penis. Since our cases indicate that this conduct supports three charges, we find no error.

**CONCLUSION**

For the foregoing reasons, we affirm the district court and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**CYNTHIA A. FRY, Judge**

**TIMOTHY L. GARCIA, Judge**